Josef LAK and Maria Lak, Plaintiffs-
Appellants-Petitioners,

v.

RICHARDSON-MERRELL, INC., a foreign corporation,
Defendant-Respondent.

Supreme Court

*No. 79-1124. Argued February 9, 1981.—Decided March 3, 1981.*

(Also reported in 302 N.W.2d 483.)

For the petitioners there was a brief by *E. Campion Kersten* and *Kersten & McKinnon* of Milwaukee, and oral argument by *E. Campion Kersten.*

For the defendant-respondent there was a brief by *L. C. Hammond, Patrick W. Schmidt, Gerald G. Miller*

and *Quarles & Brady* of Milwaukee, and oral argument by *Mr. Schmidt.*

STEINMETZ, J. This is a review of the court of appeals affirmance of the trial court's order granting a motion to dismiss the complaint in favor of the defendant, Richardson-Merrell, Inc.

The action is for personal injuries allegedly sustained by the plaintiff, Josef Lak, as a result of being inoculated on November 24, 1975, with a claimed defective flu vaccine manufactured by the defendant, Richardson-Merrell, Inc., and administered to the plaintiff by his employer.

The summons and complaint were filed on November 24, 1978, naming as defendant the company which manufactured and sold the flu vaccine to the employer with which the plaintiff was inoculated. The plaintiffs did not then know the actual name of the defendant and therefore a fictitious name, "XYZ Drug Company, a foreign or domestic corporation" was used in the initial pleadings.

The fictitious name for the defendant was used by the plaintiff pursuant to sec. 807.12 (1), Stats.[1]

Shortly after filing the summons and complaint, the plaintiffs learned the name of the drug manufacturer from the employer. The plaintiffs applied for and were granted leave to amend the pleadings to allege the de-

---

[1] "807.12 **Suing by fictitious name or as unknown; partners' names unknown.** (1) When the name or a part of the name of any defendant, or when any proper party defendant to an action to establish or enforce, redeem from or discharge a lien or claim to property is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name, or as an unknown heir, representative, owner or person as the case may require, adding such description as may reasonably indicate the person intended. But no person whose title to or interest in land appears of record or who is in actual occupancy of land shall be proceeded against as an unknown owner."

fendant's true name by order of the trial court dated January 9, 1979, as set forth in sec. 807.12(2), Stats.[2]

Amended pleadings were served upon the defendant through its registered agent on January 11, 1979, 48 days after the original filing of the action and within the 60-day period for service allowed by secs. 801.02(1) and 893.02, Stats.[3]

The defendant moved to dismiss on the ground the action was barred by the statute of limitations, sec. 893.-205, Stats. 1977.[4]

The trial court granted defendant's motion to dismiss relying on sec. 893.205, Stats. 1977, which limits personal injury actions to being commenced within three years

[2] "(2) When the name of such defendant is ascertained the process, pleadings and all proceedings may be amended by an order directing the insertion of the true name instead of the designation employed."

[3] "801.02 **Commencement of action.** (1) A civil action in which a personal judgment is sought, other than certiorari, habeas corpus, mandamus or prohibition, is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."

[4] "893.205 **Within 3 years.** Within 3 years:

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, unless notice in writing as provided in s. 330.19(5), 1955 statutes, was served prior to July 1, 1959, in which event s. 330.19(5), 1955 statutes, shall apply. But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

"(2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another where death resulted on or after July 1, 1955.

"(3) Any civil action arising under ch. 11 or subch. III of ch. 13."

or be barred.[5] The trial court held that filing the complaint with a fictitious name for the defendant within the three years but serving it on the known defendant after the three years by 48 days was beyond the statute of limitations. That court also held sec. 802.09(3), Stats.,[6] providing for an amendment to the complaint which relates back to the original complaint, did not apply.

The court of appeals affirmed the trial court finding also the statute of limitations of three years applied and relation back to the original complaint was not available to the plaintiff. We reverse the court of appeals.

The relation back statute, sec. 802.09(3), Stats., is not applicable in this case. For a full discussion of relation back see *Wussow v. Commercial Mechanisms, Inc.*, 97 Wis.2d 136, 293 N.W.2d 897 (1980).

This is not a case of a change of parties or mistaken identity of a party. The plaintiff intentionally and deliberately on the last day of the three-year statute of limitation filed the summons and complaint identifying

---

[5] Sec. 893.205, Stats. 1977, *supra*, has been revised and renumbered as sec. 893.54 and provides as follows:

"893.54 **Injury to the person.** The following actions shall be commenced within 3 years or be barred:

"(1) An action to recover damages for injuries to the person.

"(2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another."

[6] Sec. 802.09(3), Stats.:

"(3) RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party."

the defendant with a fictitious name "XYZ Drug Company." The plaintiff stated in the complaint that he was using a fictitious name for the defendant pursuant to sec. 807.12, Stats., and that "the name, address, registered agent and state of incorporation are unknown to the plaintiffs." The plaintiff then stated four causes of action, one for negligence, another in strict liability and the other two on behalf of Mrs. Lak. These facts identified the defendant and its alleged acts by all but name which was then unknown to the plaintiff.

In doing this the plaintiffs complied with sec. 807.12 (1), Stats., by using a fictitious name when the name of the defendant was not known with a description of the activities of the defendant to indicate the defendant intended to be named later.

When the identity of the defendant was learned through the plaintiff's employer, the plaintiff moved the trial court under the provisions of sec. 807.12(2), Stats., for an order inserting the defendant's true name.

Service was accomplished on the defendant within the 60-day period for service allowed by secs. 801.02(1) and 893.02, Stats.

The defendant opines that the three-year statute of limitations could not be extended for the 60-day period for service. The defendant claims this would interfere with its vested right of the termination of the liability exposure at three years. Also, the defendant argues that to grant the plaintiff's position would be to find that this court's adoption of the Code of Civil Procedure changing commencement of an action to the filing of the summons and complaint from the service of the complaint would affect the defendant's substantive rights and this was prohibited by sec. 251.18, Stats. 1973 (now sec. 751.12, Stats.).[7]

---

[7] "251.18 **Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting

The present provisions for commencement of an action appeared as Wisconsin Rules of Civil Procedure on February 17, 1975. (67 Wis.2d 585 (1975)). The legislature adopted these rules as statutes with minor amendments in the Laws of 1975, ch. 218, effective April 23, 1976.

Former sec. 893.39, Stats. 1973,[8] provided an action was commenced, within the meaning of any provisions of law limiting the time for commencement, when the

the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. The effective dates for all rules adopted by the court shall be January 1 or July 1, but in no case shall a rule become effective until 60 days after its adoption. All such rules shall be printed by the state printer and paid for out of the state treasury, and the court shall direct the same to be distributed as it may deem proper. All statutes relating to pleading, practice and procedure may be modified or suspended by rules promulgated pursuant hereto. No rule modifying or suspending such statutes shall be adopted until the court has held a public hearing with reference thereto. The court may establish days certain in each year at which dates the public hearings shall be held. Said hearings shall be held at 1:30 o'clock in the afternoon, or at such other time as the court shall direct. Notice of public hearings shall be given by publication of a class 3 notice, under ch. 985, the expense of the publication to be paid out of the state treasury. Notice shall also be given in the official publication of the state bar of Wisconsin, said notice to be published not more than 60 days, not less than 30 days, before the date of hearing. The state bar of Wisconsin shall not charge the state treasury for publication of this notice. Proposed rules, including changes, if any, in existing rules, shall be set forth in full in the notice. Nothing in this section shall abridge the right of the legislature to enact, modify or repeal statutes or rules relating to pleading, practice or procedure. The judicial council shall act in an advisory capacity to assist the court in performing its duties under this section."

[8] "893.39 **Action, when commenced.** An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him."

summons was served on a defendant or a co-defendant united in interest. Under that section, service had to be within the limitation period or the complaint had to be dismissed. This section was repealed when the new code of procedure was adopted.

Sec. 893.40, Stats. 1973, now repealed, considered the action commenced, for purposes of the statute of limitations, when the summons was delivered to the sheriff within the appropriate limit with the intent it should be served.[9] Therefore, under the old procedures, the plaintiff, had 60 days more than the limit of the statute of limitations by delivering the summons to the sheriff on the last day available. The new code of procedure does no more nor less.

The facts giving rise to the instant action occurred on November 24, 1975, and therefore the three-year statute of limitation began to run at that time. The three-year

---

[9] "893.40 **Attempt to commence action.** An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendants or one of them usually or last resided; or if a corporation organized under the laws of this state be defendant to the sheriff or the proper officer of the county in which it was established by law, or where its general business is transacted, or where it keeps an office for the transaction of business, or wherein any officer, attorney, agent or other person upon whom the summons may by law be served resides or has his office; or if such corporation has no such place of business or any officer or other person upon whom the summons may by law be served known to the plaintiff, or if such defendant be a nonresident, or a nonresident corporation, to the sheriff or other proper officer of the county in which plaintiff shall bring his action. But such an attempt must be followed by the first publication of the summons or the service thereof within 60 days. If the action be in a court not of record the service thereof must be made with due diligence."

limitation did not end until November 24, 1978, the day on which the action was commenced.

This court ruled in *Heifetz v. Johnson,* 61 Wis.2d 111, 115, 211 N.W.2d 834 (1973), that:

"In Wisconsin the running of the statute of limitations extinguishes not only the right of action but also the cause of action.

" ' "In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection. . . ." ' " (citing from *Haase v. Sawicki,* 20 Wis.2d 308, 311, 312, 121 N.W.2d 876 (1963)).

Further in the *Heifetz* case at page 117, the court stated, "It is clear that an action must be commenced within the period limited by law."

In *Ortman v. Jensen & Johnson, Inc.,* 66 Wis.2d 508, 522, 225 N.W.2d 635 (1975), the court held:

"The right which is subject to constitutional protection is that which vests at the time the statute runs, not before. In *Haase v. Sawicki, supra,* this court held that a retrospective extension of the statute of limitations for wrongful death, made applicable to actions which were already barred by the previous shorter period, violated due process. An extension of the statute of limitations, before the cause of action even accrued, is not subject to the same constitutional limitation."

The defendant's right to rely on the statute of limitations did not become vested until after November 24, 1978. Before that time, the change in the civil procedure rules did not affect defendant's protected rights since they had not risen to the sanctified position of being vested and final.

Secs. 801.02 and 893.02, Stats., state an action is commenced when the summons and complaint are filed but the action is not deemed commenced as to any defendant if the authenticated copies of the summons and complaint are not served on any defendant within 60 days after filing.

Considering secs. 801.02 and 893.02, Stats., together, the law is that an action is commenced for purposes of a statute of limitations if the summons and complaint are filed with the court before the statutory period has passed and the court then has subject matter jurisdiction. The plaintiff then has 60 more days to obtain jurisdiction over the person of any defendant in the action (*in personam* jurisdiction). This is no greater time than the plaintiff had under the old section 893.40.

This defendant is in no worse position as to notice than it would have been had it been named accurately in the first summons and complaint instead of by a fictitious name. It would not have had notice of the action in either event until being served.

*By the Court.*—The decision of the court of appeals is reversed.

BEILFUSS, C. J., took no part.