Dennis J. STAPPAS and Susan Stappas,
Plaintiffs-Appellants,†

v.

Louis KAGEN, M.D., and Patients Compensation Fund,
Defendants-Respondents.

Supreme Court

*No. 81–1423. Argued November 2, 1982.—
Decided November 30, 1982.*

(Also reported in 326 N.W.2d 757.)

† Motion for reconsideration denied, without costs, on January 11, 1983.

For the appellants there was a brief by *J. Ric Gass* and *Kasdorf, Dall, Lewis & Swietlik, S.C.,* Milwaukee, and oral argument by *Mr. Gass.*

For the respondents there was a brief by *Daniel R. Riordan, Catherine T. Tully* and *Riordan, Crivello, Carlson, Mentkowski & Henderson,* Milwaukee, and oral argument by *Ms. Tully.*

WILLIAM G. CALLOW, J. This is an appeal from a judgment dismissing the plaintiff's complaint. This appeal was certified by the court of appeals and was accepted by this court pursuant to sec. (Rule) 809.61, Stats.

On June 7, 1977, Dr. Louis Kagen performed a myelogram examination on the plaintiff, Dennis J. Stappas. Dr. Allen Kagen, a brother of Louis Kagen, administered a second myelogram to Stappas shortly thereafter. On June 5, 1980, Stappas filed a submission of controversy under the Patients Compensation Act, alleging that the myelogram of June 7, 1977, was negligently administered,

resulting in his injury. The submission erroneously named Allen Kagen rather than Louis Kagen as the physician committing the act of malpractice. It also named Metropolitan Radiologists, Ltd., and Mount Sinai Hospital as defendants. Louis Kagen apparently first received notice of the action when he was contacted by Allen Kagen sometime after June 12, 1980. It was not until June 25, 1980, eighteen days after expiration of the statute of limitations, that the submission of controversy was amended to name Louis Kagen as a defendant.

On September 2, 1980, Louis Kagen moved to dismiss the submission of controversy on the ground that it was not filed within three years from the date of injury and, therefore, was barred by the statute of limitations. The Patients Compensation Panel, assigned to hear the controversy, agreed and ordered the submission dismissed as against Louis Kagen.

Stappas brought an action in circuit court on February 18, 1981, pursuant to sec. 655.19, Stats. The circuit court also held that Stappas's claim was time barred and entered a judgment dismissing his complaint. Stappas appealed the judgment of the circuit court. We take jurisdiction of this case through certification.

The issue presented on this appeal is whether Stappas's medical malpractice claim against Louis Kagen is barred by the statute of limitations.

In resolving this issue, we first consider whether Louis Kagen was timely joined as a defendant in the Patients Compensation Panel proceeding. Chapter 655 of the Wisconsin Statutes does not set forth a time limit within which medical malpractice proceedings must be commenced. When Chapter 655 is silent on an issue, the law applicable to civil actions governs. Sec. 655.17(1),

Stats.[1] Therefore, the statute of limitations set forth in sec. 893.205, Stats. 1977,[2] applies to this case.

Under sec. 893.205, Stats. 1977, a medical malpractice plaintiff must file a submission of controversy within three years from the date of injury. Since Stappas was allegedly injured on June 7, 1977, his submission of controversy, which was filed on June 5, 1980, was timely. Louis Kagen, however, was not joined as a defendant until June 25, 1980. Therefore, according to Louis Kagen, he was not timely joined before the panel proceeding. We disagree.

In *Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 302 N.W.2d 483 (1981), we were presented with a similar situation. The plaintiff in *Lak* filed a personal injury action on the last day of the statute of limitations period. Not knowing the actual name of the defendant, the plaintiff used a fictitious name in his original pleadings. It was not until after the statute of limitations had expired that the plaintiff amended his pleadings to state the defendant's true name. The defendant moved to dismiss on the ground that the action was time barred. The trial court granted the defendant's motion, and the court of appeals affirmed. We reversed, finding that the defendant had been timely joined because he had been served with a summons and complaint within the sixty-

[1] Sec. 655.17(1), Stats., provides: "Formal panel; hearing. (1) Except as otherwise provided in this chapter, a formal panel shall be bound by the law applicable to civil actions, but shall conduct such hearings and make such investigations in reference to questions at issue before it as in its judgment are best adapted to ascertain and determine the substantial rights of the parties expeditiously and accurately and to carry out justly the spirit of this chapter."

[2] It should be noted that subsequent to this controversy sec. 893.205, Stats. 1977, was repealed. Chapter 323, Section 28, Laws of 1979. Effective July 1, 1980, sec. 893.54 governs medical malpractice proceedings.

day period for service provided by secs. 801.02(1)[3] and 893.02,[4] Stats. We held:

> "Considering secs. 801.02 and 893.02, Stats., together, the law is that an action is commenced for purposes of a statute of limitations if the summons and complaint are filed with the court before the statutory period has passed and the court then has subject matter jurisdiction. The plaintiff then has 60 more days to obtain jurisdiction over the person of any defendant in the action (*in personam* jurisdiction). . . .
>
> "This defendant is in no worse position as to notice than it would have been had it been named accurately in the first summons and complaint instead of by a fictitious name. It would not have had notice of the action in either event until being served." 100 Wis. 2d at 649.

The *Lak* rationale is directly applicable to the instant case. The defendants' contention that *Lak* does not apply because secs. 801.02(1) and 893.02, Stats., do not govern medical malpractice cases is incorrect. Sec. 655.04(3)[5]

---

[3] Sec. 801.02(1), Stats., provides: "**Commencement of action.** (1) A civil action in which a personal judgment is sought, other than certiorari, habeas corpus, mandamus or prohibition, is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."

[4] Sec. 893.02, Stats., provides: "**Action, when commenced.** An action is commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing."

[5] Sec. 655.04(3), Stats., provides: "**Notice.** Notice of the filing of the submission of controversy shall be served on all named health care providers by the director by 1st class mail to the address of the health care provider as designated in the submission of controversy."

requires the director to serve notice of the filing of a submission of controversy upon the named health care providers. The statute does not, however, delineate a time period for such service. As noted earlier, when Chapter 655 is silent on an issue, we must refer to the law governing civil actions. Sec. 655.17(1). Thus the sixty-day period for service set forth in secs. 801.02(1) and 893.02 does apply to medical malpractice cases.[6] Furthermore, the *Lak* rationale is applicable to mistaken identity cases as well as fictitious name cases.

We conclude that *Lak* applies to the instant case. Since Louis Kagen was joined as a defendant and was served within sixty days after the timely filing of the original submission of controversy, he was timely joined in the Patients Compensation Panel proceeding.

The fact that Stappas's action before the panel was timely is not dispositive of this case. We must also consider whether Stappas's circuit court action was commenced within the statute of limitations. The controlling statute[7] on this issue is sec. 655.04(6), Stats., which provides:

---

[6] We also note that the sixty-day period for service set forth in secs. 801.02(1) and 893.02, Stats., is consistent with sec. 655.-04(4) which provides: "PROCEDURE. (a) Within 60 days after the filing of a submission of controversy, the panel shall schedule and notify all parties of the hearing upon the matter. Such hearing shall be held within 60 days of the date on which the panel notifies the parties of the hearing. Within 30 days after the hearing, the panel shall render a decision."

[7] Stappas contends that sec. 655.19 rather than sec. 655.04(6), Stats., controls in this case. Sec. 655.19 provides in pertinent part:

"Court trial. Unless the parties have stipulated in writing under s. 655.07 to be bound by the panel determination, any party to a panel hearing may, within 120 days after the date of an order made by a panel, commence an action for a trial in

"STATUTE OF LIMITATIONS. The filing of the submission of controversy shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until 30 days after the hearing panel issues its written decision, or the jurisdiction of the panel is otherwise terminated."

Stappas filed his submission of controversy two days prior to the date the statute of limitations would have expired. Therefore, he had thirty-two days from the date the panel issued its written decision or otherwise terminated its jurisdiction to commence an action in circuit court.

On October 21, 1980, the panel issued a written opinion and order dismissing the submission of controversy as against Louis Kagen on statute of limitations grounds. Stappas contends that this order did not activate the statute of limitations because the panel erred in dismissing Louis Kagen prior to making a determination as to the remaining parties. We disagree.

Chapter 655, Stats., is silent as to the procedural disposition of a statute of limitations defense. Therefore, the law governing civil actions applies. Sec. 655.17(1). Under sec. 802.06(2) a statute of limitations defense may be raised by motion. The court ordinarily rules

the circuit court for the county designated in the submission of controversy under s. 655.04."

According to Stappas, there is a conflict between secs. 655.19 and 655.04(6), Stats., because the time for commencement of an action in circuit court following a panel decision differs, depending upon which statute is followed. Stappas maintains that the more liberal provisions of sec. 655.19 should apply to allow the parties to commence an action in circuit court within one hundred twenty days after the panel issues a written decision. Stappas's contention is incorrect. In *Tamminen v. Aetna Casualty and Surety Co.,* 109 Wis. 2d 536, 327 N.W.2d 536, 327 N.W.2d 55 (1982), we expressly held that secs. 655.19 and 655.04(6) are not in conflict. Sec. 655.04(6) controls the statute of limitations in medical malpractice cases.

upon such a motion prior to trial. If the court determines that the statute of limitations bars the action against a particular party, that party may be dismissed at that time. The panel's dismissal of the submission of controversy as against Louis Kagen prior to a determination as to the remaining parties was in accordance with the procedure applicable to civil actions. Thus the order was not erroneous.

We conclude that the Panel's opinion and order of October 21, 1980, which dismissed Louis Kagen, was a written decision within sec. 655.04, Stats. Therefore, as noted above, Stappas had thirty-two days from the date the decision was issued—until November 22, 1980—to commence an action in circuit court. Since Stappas did not file a complaint in circuit court until February 18, 1981, his action against Louis Kagen is barred by the statute of limitations.

*By the Court.*—Judgment affirmed.