## PORTER *vs.* VANDERCOOK et al.

### APPEAL FROM CIRCUIT COURT, WASHINGTON COUNTY.

Heard January 13, 1860.]                    [Decided May 4, 1860.

### *Practice—Summons—Writ—Teste.*

The summons provided for by the code is not a "writ," or "process," within the meaning of the constitution, Art. VII, § 17, or of chapter 136, Rev. Statutes, and need not be in "the name of Wisconsin," nor tested in the name of the presiding judge, nor sealed with the seal of the court.

Though the better practice would be to state the true time prescribed by law for the defendant to answer the complaint, yet it is not error to state that the answer must be made in twenty days.

Costs upon over-ruling a motion belong to the party, and not to the attorney of the party in whose favor the ruling is given.

The facts of this case sufficiently appear in the opinion of the court.

*L. F. Frisby*, for the appellant.

*L. Towsley*, for the respondent.

*By the Court*, COLE, J. This is an appeal from an order of the circuit court, refusing to set aside a summons in a foreclosure suit, on motion. The action was commenced in June, 1859. The summons was signed by the respondent's attorney, and required the appellants to answer within twenty days, &c. The objections taken to the summons were: That it does not run in the name of "The state of Wisconsin;" is not sealed with the seal of the court; is not properly tested in the name of the presiding judge; and does not give the appellants ninety days to answer, but requires them to answer within twenty days.

When the nature and office of a summons are considered, as indicated by the code of procedure, which code is incor-

porated in, and become a part of our present revised statutes, we are clearly of the opinion that it cannot properly be said to be a "writ," or "process," within the meaning of chapter 136, R. S., and of section seventeen, article seven, of the constitution. And it is quite evident that the legislature must have taken the same view of the matter, not regarding a summons as a "writ," or "process," within the constitutional meaning of those terms, or it would not have passed the sections of chapter 124 relating to it; for by the provisions of that chapter, it is expressly declared that an action may be commenced by service of summons, with or without seal, which summons shall be subscribed by the plaintiff or his attorney, &c. It is not required to be issued out of a court of record, to be sealed with the seal of the court, and tested in the name of the presiding judge, as the writs contemplated by chapter 136 must be.

Perhaps the better practice is to specify in the summons the true time, as prescribed by law, for the defendants to answer the complaint. Still, this court held, in the case of *Lawrence vs. Brown,* decided at the January term, 1859, not reported, that the phraseology of the summons in this particular was not material; that the defendant must be presumed to know the law, and the time which it gave him to answer; and that therefore a summons should not be set aside, even though it did not conform to the law in that respect, and require the defendant to answer accordingly. This was the extent of the decision in that case, and upon so unimportant a question of practice, must be considered decisive as to the objection taken to the summons in the present case. The appellants undoubtedly well knew that the law gave them ninety days to answer the complaint, and were not misled by anything which the summons contained.

It is further objected, that the order giving ten dollars costs to the respondent's attorney, on overruling the motion to set

aside the summons, is erroneous, and should be reversed on that ground. The costs properly belong to the prevailing party, and notwithstanding the form of the order, we suppose the respondent is the one who is really benefitted by the order. It was undoubtedly an inadvertence in drawing up the order, which the circuit court could correct for the protection of the respondent, if necessary.

The order of the circuit court refusing to set aside the summons, is affirmed.