CANADIAN PACIFIC LIMITED, Plaintiff-Appellant, v. OMARK-PRENTICE HYDRAULICS, INC., Defendant-Respondent.

Court of Appeals

*No. 77–640. Argued September 19, 1978.—Decided November 13, 1978.*
(Also reported in 272 N.W.2d 407.)

For the appellant there was a brief and oral argument by *Stephen D. Willett*, of Phillips.

For the respondent there was a brief by *Slaby, Deda and Henderson* and oral argument by *Frederick A. Henderson*, of Phillips.

Before Dean, P.J., Foley, J., and Lewis J. Charles, Reserve Judge.

DEAN, P.J.   This action was commenced on January 5, 1977, with the filing of a summons and complaint which were served the following day upon the defendant's registered agent in Wisconsin. The summons omitted the statement that the defendant must answer "within twenty days" as required by sec. 801.09 (2) (a), Stats.

On January 14, 1977, the statutory time for commencement of this action under the Interstate Commerce Act, 49 U.S.C. secs. 16(3)(a) and (e), expired. Subsequently, the defendant moved to dismiss the action for insufficient summons or process, and the plaintiff moved for leave to amend the original summons. The trial court denied the motion to dismiss the action, and granted leave to amend the summons. An amended summons was filed and served on February 4, 1977.

The defendant then moved for summary judgment based upon untimely commencement of the action. The trial court found that it did not have jurisdiction until the amended summons was filed. The court granted summary judgment to the defendant because a court cannot acquire jurisdiction of an action by amending a process in order to give it such jurisdiction. *Heifetz v. Johnson*, 61 Wis.2d 111, 211 N.W.2d 834 (1974); *Rosenthal v. Rosenthal*, 12 Wis.2d 190, 107 N.W.2d 204 (1961).

The issue presented on appeal is whether the omission in the summons of a statement that the answer must be served within twenty days after the date of service of the summons and complaint deprives the trial court of jurisdiction. The defendant argues that the omission in this summons was more than a technical defect, and that the trial court had no jurisdiction to proceed under the defective summons.

Courts in other jurisdictions are divided on the question of whether noncompliance with a statutory requirement is necessarily a jurisdictional error in a summons. *Compare Delph v. Smith*, 354 Mich. 12, 91 N.W.2d 854 (1958) (applying New York Law); *Flanery v. Kuska*, 143 Minn. 308, 173 N.W. 652 (1919); *Barth v. Owens*, 178 Misc. 628, 35 N.Y.S.2d 632 (1942); *Kalich v. Bryson*, 253 Or. 418, 453 P.2d 659 (1969) with *VanGundy v. Ellis*, 246 F. Supp. 802 (D. Iowa 1965) (applying Iowa law);

*Baldine v. Klee,* 10 Ohio Misc. 203, 225 N.E.2d 544 (1965); *Rees v. Scott,* 8 Utah2d 135, 329 P.2d 877 (1958). Courts which do not construe the statutory requirements as jurisdictional primarily rely upon liberal construction of the summons statute to promote a decision on the merits, a presumption that the person receiving the defective summons has knowledge of the law, and harmless error statutes which require courts to disregard nonprejudicial irregularities. Courts which find irregularities in a summons to be jurisdictionally defective strictly construe the statutory requirements for a valid summons. *See generally* Annot., 97 A.L.R. 748 (1935) and Annot., 6, A.L.R. 841 (1920).

We hold that the fact that the omitted clause is required by statute is not dispositive of the question. A showing that the defective summons misled the defendant to his prejudice is required before noncompliance with sec. 801.09(2)(a), Stats., should result in termination of a lawsuit. Where the defendant was not misled by the defective summons, there is a long history of viewing technical nonconformity with the statute as nonjurisdictional error. *Hoesley v. La Crosse VFW Chapter,* 46 Wis.2d 501, 175 N.W.2d 214 (1970); *Hammond-Chandler L. Co. v. Industrial Comm.,* 163 Wis. 596, 601, 158 N.W. 292 (1916); *Day v. Mertlock,* 87 Wis. 577, 58 N.W. 1039 (1894); *Porter v. Vandercook,* 11 Wis. 70 (1860). Consistent with the Wisconsin tradition of avoiding dismissal of an action due to technical errors and omissions, sec. 805.18(1), Stats., provides: "The court shall, in every stage of an action, disregard any error or defect in the pleading or proceedings which shall not affect the substantial rights of the adverse party." This provision applies to errors in the summons. *See Day, supra.*

We conclude that the rights of the defendant corporation were not affected by the omission in the summons of the time in which to answer. In reaching this conclusion, we consider the purpose of a summons, which is to give notice to the defendant that an action has been commenced against him. *Hoesley, supra.* We further note that our Rules of Civil Procedure, like the federal rules relating to pleadings, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957). Finally, we are mindful of sec. 801.01(2), Stats., which requires that the Wisconsin Rules of Civil Procedure be construed to secure a just, speedy and inexpensive determination of every action.

The summons in this action required the defendant to answer the complaint "exclusive of the day of service." It is evident that the clause limiting the time in which to answer was inadvertently omitted. Furthermore, the transmittal form which accompanied the summons and complaint when they were forwarded to the defendant's legal department, made the omitted time for filing an answer conspicuous by its absence. We are certain that a competent legal staff would not be confused or misled by this clerical error. Finally, the defendant did not suffer any prejudice by failing to answer or appear as required by law. The defective summons was no obstacle to presenting a defense in this action.

We conclude that the defendant was not prejudiced by the defect in the summons. The trial court having acquired jurisdiction by the filing of the complaint and the defective summons with the clerk of court, followed by the service of an authenticated copy thereof, the

running of the statute of limitations was timely interrupted. Thus, granting permission to amend neither added to nor subtracted from any legal right of the defendant.

Finding that the defendant was not misled to his prejudice, we conclude that the defect in the original summons was not a jurisdictional defect. Therefore, the original summons was adequate to give the trial court jurisdiction over the matter and the action was commenced within the time provided by law. Accordingly, the judgment of the circuit court must be reversed, and the cause remanded for trial.

*By the Court.*—Reversed and remanded for trial.