McMILLAN-WARNER MUTUAL INSURANCE
COMPANY, Plaintiff-Respondent,

v.

Richard KAUFFMAN, Defendant-Appellant.

Court of Appeals

*No. 89–1574. Submitted on briefs March 6, 1990.—Decided
November 8, 1990.*

(Also reported in 465 N.W.2d 201.)

For the defendant-appellant the cause was submitted on the briefs of *Ruth D. Kressel* of *Linehan Law Offices* of Wausau.

For the plaintiff-respondent the cause was submitted on the brief of *Michael L. Bertling* of *Carroll, Parroni, Postlewaite, Graham, Pack & Bertling, S.C.* of Eau Claire.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Richard Kauffman appeals from a judgment entered against him in favor of McMillan-Warner Mutual Insurance Company after the circuit court denied his motion to dismiss. The ground for Kauffman's motion was that McMillan-Warner's cause of action was time-barred under sec. 893.52, Stats. We hold that the circuit court erred when it concluded that the period of limitation of sec. 893.52 was tolled under sec. 893.13(2), by the commencement of a previous action. We therefore reverse and direct that the circuit court grant Kauffman's motion.

On March 20, 1987, McMillan-Warner filed a summons and complaint in Clark county circuit court naming Kauffman as a defendant. Case No. 87–CV–66. The complaint sought damages arising out of a fire which occurred on or about March 24, 1981. The summons and complaint were not served on Kauffman. On March 25, 1987, McMillan-Warner filed a second amended summons and complaint. The statute of limitations had run on March 23, 1987. The second amended summons and complaint were served on Kauffman on April 6, 1987.[1]

At a motion hearing on May 19, 1987, the circuit court struck McMillan-Warner's second amended summons and complaint because they were not properly subscribed as required by sec. 802.05, Stats., and the court had not granted McMillan-Warner leave to file. Because no other summons or complaint had been served on Kauffman within sixty days of commencement of the action, as required by sec. 801.02(1), Stats., the circuit court concluded that it did not have jurisdiction over Kauffman and dismissed the action without prejudice.

On May 20, 1987, McMillan-Warner filed the summons and complaint in this action and properly served Kauffman, who moved to dismiss the action on the ground that it was time-barred under sec. 893.52, Stats. The circuit court denied Kauffman's motion and entered judgment against him. The parties agree that the issue is whether case 87–CV–66 was commenced so that the period of limitation under sec. 893.52, was tolled under sec. 893.13(2). We conclude that case 87–CV–66 was not commenced and the period of limitation was not tolled under sec. 893.13(2).

Section 893.13(2), Stats., provides:

---

[1] The record does not contain a first amended summons and complaint, nor does McMillan-Warner claim that Kauffman was served with such an amended summons and complaint.

A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

The period within which the action may be commenced is extended to thirty days from the date of final disposition. Sec. 893.13(3), Stats. It is undisputed that this action was commenced within that time period.

Section 893.02, Stats., provides:

An action is commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing.

Section 801.02(1), Stats., provides:

A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

The judgment in case 87–CV–66 was not appealed. Therefore we must accept the circuit court's finding in that case that the second amended summons and complaint were not subscribed as required by sec. 802.05, Stats. Additionally, it is undisputed that McMillan-

Warner did not obtain leave of the court to file a second amended summons and complaint, as required by sec. 802.09(1).

If we read certain decisions of the Wisconsin Supreme Court literally, an action is commenced for tolling purposes when a summons and a complaint are filed with the circuit court, regardless of whether personal jurisdiction over the defendant is acquired by serving the defendant as required by sec. 801.02(1), Stats. In *Lak v. Richardson-Merrell, Inc.,* 100 Wis. 2d 641, 302 N.W.2d 483 (1981), the summons and complaint were filed on the day the period of limitation expired. The plaintiffs used a fictitious name in their initial pleadings. Amended pleadings were served on the defendant within the sixty-day period for service allowed by sec. 801.02(1). The circuit court dismissed the action as time-barred. The supreme court reversed. The court said:

> Considering secs. 801.02 and 893.02, Stats., together, the law is that an action is commenced for purposes of a statute of limitations if the summons and complaint are filed with the court before the statutory period has passed and the court then has subject matter jurisdiction. The plaintiff then has 60 more days to obtain jurisdiction over the person of any defendant in the action . . ..

*Lak,* 100 Wis. 2d at 649, 302 N.W.2d at 487.

In *Schlumpf v. Yellick,* 94 Wis. 2d 504, 288 N.W.2d 834 (1980), the *pro se* plaintiff filed a summons and complaint on February 15, 1977. The record did not show service on the named defendants. An amended summons and complaint was filed on March 30, 1977. The defendants were served on or before April 6, 1977. If the action was commenced when the unserved summons and complaint were filed, the action was timely. The

court concluded that the action was commenced upon the filing of the first summons and complaint even though they were not served on the defendants. The court said that the amended summons and complaint related back to the original filing. *Id.* at 508, 288 N.W.2d at 837.

In both *Lak* and *Schlumpf,* however, a *proper* summons and a *proper* complaint were filed within the statute of limitations and served within sixty days of the original filing. In this case, McMillan-Warner failed to timely serve Kauffman with a properly subscribed and authorized summons and complaint. This defect in service is not "of a hypertechnical nature." *Schlumpf,* 94 Wis. 2d at 511, 288 N.W.2d at 838 (*quoting Cruz v. DILHR,* 81 Wis. 2d 442, 449, 260 N.W.2d 692, 694 (1978)). Failure of counsel or a party to subscribe a pleading, as required by sec. 802.05, Stats., is not a "nonjurisdictional technicalit[y]." *See Cruz,* 81 Wis. 2d at 449, 260 N.W.2d at 694 (tenor of modern law is to prevent avoidance of adjudication on merits by resort to dependency on non-jurisdictional technicalities).

Section 802.05, Stats. (1987)[2] provides that "[i]f a pleading is not signed . . . it may be stricken as sham and false . . .." "The purpose and effect of this rule [sec. 802.05] is simply to place a professional obligation on the attorney as an officer of the court to satisfy himself that there are grounds for the action, defense or motion." C. Clausen & D. Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801 to 803,* 59 Marq. L. Rev. 1, 48 (1976). As to the filing of the second amended summons and complaint, the circuit court correctly concluded that

---

[2]Section 802.05(1)(a), Stats., was amended by secs. 4 to 7, 1987 Act 256, effective as to actions commenced on or after April 21, 1988.

service of the unauthorized summons and complaint was not sufficient to comply with sec. 801.02(1), Stats.

In *Lak*, the supreme court required that a plaintiff filing against a fictitious defendant establish the court's personal jurisdiction over the true defendant by discovering and serving the true defendant within sixty days after filing its summons and complaint. We construed *Lak* to hold that the fictitious defendant's right to the statutory extinction of a cause of action did not vest until the sixty-day period for serving the defendant expired. *Lavine v. Hartford Accident & Indem. Co.,* 140 Wis. 2d 434, 442, 410 N.W.2d 623, 627 (Ct. App. 1987).

We conclude that the circuit court acquires subject matter jurisdiction or competency to act when a properly subscribed summons and complaint is filed with the court. However, competency to act with respect to a named defendant is lost if personal jurisdiction over the defendant is not acquired by service of the summons and complaint within sixty days of filing, as required by sec. 801.02(1), Stats. An unserved defendant's right to the statutory extinction of a cause of action vests upon expiration of the time within which personal jurisdiction over the defendant may be acquired.

In this case, there was a total failure of service. Kauffman's right to the statutory extinction of McMillan-Warner's cause of action vested upon expiration of the time within which McMillan-Warner could have acquired personal jurisdiction over him in case 87–CV–66. The circuit court erred when it denied Kauffman's motion to dismiss.

*By the Court.*—Judgment reversed and cause remanded to the circuit court with directions to grant defendant's motion to dismiss.