James Ronald GADDIS, Plaintiff-Respondent-Petitioner,

v.

LACROSSE PRODUCTS, INC., f/k/a LaCrosse Footwear, Inc. and Transcontinental Insurance Company, Defendants-Appellants.

Supreme Court

*No.  94–2121–FT.  Oral argument November 29, 1995.—Decided January 19, 1996.*

(Also reported in 542 N.W.2d 454.)

For the plaintiff-respondent-petitioner there were briefs by *Terence R. Collins, Thomas E. Knothe* and *Cameron, Collins & Quillin, Ltd.*, LaCrosse and oral argument by *Terence R. Collins*.

For the defendant-appellant there was a brief by *Robert D. Johns, Jr.* and *Johns & Flaherty, S.C.*, LaCrosse and oral argument by *Robert D. Johns, Jr.*

ANN WALSH BRADLEY, J.  James Gaddis requests review of a decision of the court of appeals reversing an order of the Circuit Court for La Crosse County, Peter G. Pappas, Judge, which denied La Crosse Products, Inc.'s motion for judgment on the pleadings. The issue presented is whether Gaddis' failure to sign a summons that was served with a signed complaint constitutes a fundamental defect depriving the circuit court of personal jurisdiction over La Crosse Products. Because we conclude that an unsigned summons served with a signed complaint constitutes only a technical defect and that there is no prejudice in this case, we reverse the decision of the court of appeals.

The procedural facts giving rise to this case are undisputed. Gaddis commenced a personal injury action pro se against La Crosse Products. He filed a signed complaint, but attached it to an Illinois summons form which he had altered to include the relevant Wisconsin information. Instead of personally signing the summons as required by Wis. Stat. § 801.09(3) (1993-94),[1] Gaddis obtained the signature of the dep-

---

[1] All future statutory references are to the 1993-94 volume unless otherwise indicated. Section 801.09(3) states in relevant part:

The summons shall be subscribed with the handwritten signature of the plaintiff or attorney with the addition of the post-office

uty clerk of courts, which the Illinois form required. Gaddis' typewritten name and address also appeared on the summons.

La Crosse Products answered and, as an affirmative defense, asserted that the summons did not comply with the signature requirement of § 801.09(3). Gaddis subsequently signed and filed an amended summons and complaint, but the statute of limitations had lapsed in the meantime.[2] La Crosse Products then filed a motion for judgment on the pleadings dismissing the original complaint on the grounds that the summons was defective. The trial court denied the motion, holding that Gaddis' failure to sign the summons constituted a technical defect and therefore it was sufficient for the court to acquire personal jurisdiction over La Crosse Products.

The court of appeals granted La Crosse Products' leave to appeal from the nonfinal order and reversed the trial court in a summary order. *Gaddis v. La Crosse Products, Inc.*, No. 94-2121-FT, unpublished slip op. (Ct. App. Feb. 17, 1995). It concluded that the case was controlled by *McMillan-Warner Mut. Ins. Co. v. Kauffman*, 159 Wis. 2d 588, 465 N.W.2d 201 (Ct. App. 1990). The court of appeals read *McMillan-Warner* to require *both* a signed summons and a signed complaint in order to confer jurisdiction on the court. *Gaddis*, slip op. at 2-3.

---

address at which papers in the action may be served upon the plaintiff by mail . . . .

[2] In his amended complaint, Gaddis added as a defendant La Crosse Product's insurer, Transcontinental Insurance Company. The circuit court later ruled that the amended complaint was untimely as against Transcontinental and dismissed it from the case.

The sole question presented is whether an unsigned summons served with a signed complaint precludes a circuit court from obtaining personal jurisdiction over a defendant. The determination of the required contents of a summons under § 801.09(3) involves statutory interpretation. *See American Family Mut. Ins. v. Royal Ins. Co.*, 167 Wis. 2d 524, 529, 481 N.W.2d 629 (1992) (determining what constitutes authentication of a summons involves statutory interpretation). This is a question of law that this court reviews independently of the lower courts. *Id.*

Section 801.09(3) sets forth the specific requirements of a summons in relevant part as follows:

> The summons shall be subscribed with the handwritten signature of the plaintiff or attorney with the addition of the post-office address at which papers in the action may be served upon the plaintiff by mail . . . .

The original summons filed by Gaddis in this case was defective because it lacked his handwritten signature. However, the fact that the summons was defective does not end our inquiry.

This court has recognized that the question of whether a defect is fatal to the court's jurisdiction depends upon whether the defect is fundamental or technical. *Dungan v. County of Pierce*, 170 Wis. 2d 89, 94-95, 486 N.W.2d 77 (Ct. App. 1992), citing *American Family*, 167 Wis. 2d at 532-33. This court stated the proper test as follows:

> Defects are either technical or fundamental—where the defect is technical, the court has personal juris-

> diction only if the complainant can show the defendant was not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof.

*American Family*, 167 Wis. 2d at 533. The burden is on the party alleged to have served the defective pleading to show that the defect was technical and did not prejudice the defendant. *Id.* The existence of prejudice is only relevant once the complainant has demonstrated that the error was technical. *Id.* at 534-35.

The issue in *American Family* was whether service of an unauthenticated copy of an authenticated summons and complaint is sufficient to meet the requirements for proper commencement of an action under Wis. Stat. § 801.02. *Id.* at 527. Section 801.02(1) states:

> **Commencement of action. (1)** A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

The court concluded that the failure to comply with the requirements of § 801.02(1) constitutes a fundamental error. In doing so the court noted that Wisconsin courts have consistently held that procedural errors involving § 801.02 are fundamental defects that deprive the circuit court of personal jurisdiction.[3] *American Family*, 167 Wis. 2d at 530-31; *Dungan*, 170 Wis. 2d at 95.

---

[3] *See Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 238 N.W.2d 531 (1976) (failure to properly serve a person authorized to accept service on behalf of a corporate defendant was a

However, the *American Family* court also recognized that Wisconsin courts have allowed for nonprejudicial technical errors where the defect relates to the content or form of the summons. *American Family*, 167 Wis. 2d at 530-32. For example, in *Canadian Pac. Ltd. v. Omark-Prentice Hydraulics*, 86 Wis. 2d 369, 272 N.W.2d 407 (Ct. App. 1978), the plaintiff's summons omitted the direction that the defendant must answer the complaint within 20 days as required by Wis. Stat. § 801.09(2)(a). Upon finding that the defendant was not prejudiced by the omission, the court of appeals concluded that the defect was not jurisdictional. *Id.* at 374.

Similarly, in *Dungan*, the pro se plaintiff signed the summons but directed the defendant to serve its answer on the plaintiff's attorney. This constituted a violation of § 801.09(3), which requires an attorney's signature if the plaintiff is represented by counsel. *Dungan*, 170 Wis. 2d at 94. The court held that the defect in the summons was technical and not fundamental: "We cannot conclude that designating an agent other than a pro se plaintiff for the receipt of service is so fundamental a deviation from the statutory requirement that it should be classified as a fundamental defect."[4] *Id.* at 97.

---

fundamental defect); *Mech v. Borowski*, 116 Wis. 2d 683, 342 N.W.2d 759 (Ct. App. 1983) (service of an unauthenticated summons and complaint was a fundamental defect); *Bulik v. Arrow Realty, Inc.*, 148 Wis. 2d 441, 434 N.W.2d 853 (Ct. App. 1988) (failure to name a defendant in the summons was a fundamental defect).

[4] Courts have also held that errors committed by the clerk of courts are technical in nature. *J.M.S. v. Benson*, 91 Wis. 2d 526, 531, 283 N.W.2d 465 (Ct. App. 1979) (clerk's failure to stamp the case number on copies of the amended summons and

A majority of the court of appeals in this case based its summary reversal of the trial court's denial of La Crosse Product's motion for judgment on the pleadings on *McMillan-Warner*. In that case, the trial court struck the plaintiff's amended summons and complaint because they were not properly subscribed as required by Wis. Stat. § 802.05.[5] Because no other summons and complaint had been served on the defendant within 60 days, as required by § 801.02(1), the circuit court concluded that it did not have jurisdiction over the defendant. *McMillan-Warner*, 159 Wis. 2d at 590.

The court of appeals in *McMillan-Warner* concluded that the failure to sign the summons and complaint was not a "nonjurisdictional technicality." *McMillan-Warner*, 159 Wis. 2d at 593. The court went on to hold that "the circuit court acquires subject matter jurisdiction or competency to act when a properly subscribed summons and complaint is filed with the court." *Id.* at 594. A majority of the court of appeals in the present case relied on this language to conclude that "both a properly signed summons *and* a properly

---

complaint held to be minor inconsequential inaccuracy). *See also Schlumpf v. Yellick*, 94 Wis. 2d 504, 511, 288 N.W.2d 834 (1980) (case number typed on summons and complaint different from stamped number held to be "hypertechnical error").

[5] Section 802.05 states in relevant part:

**Signing of pleadings, motions and other papers; sanctions.** **(1)**(a)  Every pleading, motion or other paper of a party represented by an attorney shall contain the name, state bar number, if any, telephone number, and address of the attorney and the name of the attorney's law firm, if any, and shall be subscribed with the handwritten signature of at least one attorney of record in the individual's name. A party who is not represented by an attorney shall subscribe the pleading, motion or other paper with the party's handwritten signature and state his or her address.

signed complaint are necessary to confer jurisdiction."
*Gaddis*, slip op. at 3.

We agree with the trial court and Judge Sundby, who wrote a concurrence in this case and who also wrote *McMillan-Warner*, that *McMillan-Warner* can be properly distinguished from the present facts. In *McMillan-Warner*, both the summons and complaint were unsigned. Here, Gaddis signed the complaint and served it with the unsigned summons.

■

This factual distinction is significant when considering that the *McMillan-Warner* court based its conclusion on § 802.05. As the court of appeals properly recognized, "The purpose and effect of [§ 802.05] is simply to place a professional obligation on the attorney as an officer of the court to satisfy himself that there are grounds for the action, defense or motion." *McMillan-Warner*, 159 Wis. 2d at 593, citing Charles D. Clausen & David P. Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801 to 803*, 59 Marq. L. Rev. 1, 48 (1976). This purpose is fulfilled where, as here, Gaddis signed the complaint and served it with the summons.

■

The complaint constitutes a pleading that sets forth a plaintiff's substantive claims. In contrast to the complaint, the summons is a form document which merely serves to give notice to the defendant that an action has been commenced against him or her. *American Family*, 167 Wis. 2d at 530. Therefore, a signed complaint served with a summons "constitutes a certificate that the attorney or party has read the pleading . . . [and it] is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . . ." Wis. Stat. § 802.05(1)(a).

La Crosse Products argues on review that the legislative history of §§ 801.09(3) and 802.05(1)(a) reveals an intent by the legislature to give greater weight to the summons–than mere notice when attached to a signed complaint. Further, because § 801.09(3) was changed to expressly require the plaintiff's signature, La Crosse Products asserts that disregarding this directive would render the statute meaningless. We disagree.

This court is unpersuaded that the legislative history shows that the legislature intended to give the summons greater significance when it changed § 801.09(3). No legislative history is cited that indicates what greater significance the summons now has beyond mere notice. If the legislature had intended to change the long-standing notice purpose of the summons, it no doubt would have indicated that in a more specific manner than simply requiring the summons to be signed. We also note that courts subsequent to the legislature's amendment of § 801.09(3) have reiterated that the purpose of the summons is notice. *See e.g., J.M.S. v. Benson*, 91 Wis. 2d 526, 531, 283 N.W.2d 465 (Ct. App. 1979), *rev'd on other grounds*, 98 Wis. 2d 406, 297 N.W.2d 18 (1980); *Bulik v. Arrow Realty, Inc.*, 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988).

Further, while it is true that the legislature intended that the summons be signed, it does not automatically follow that the failure to do so results in the court losing jurisdiction. Under that rationale, all defects that fall short of the express statutory language would be considered fundamental defects. Such a rule ignores this court's recognition in *American Family* of the distinction between a technical and a fundamental defect.

406

Gaddis suggests that whereas defects arising under § 801.02(1) are fundamental, defects arising under § 801.09 are merely technical, citing *Dungan*. Contrary to Gaddis' suggestion, the *American Family* court did not articulate a bright-line rule that all defects under § 801.09 are technical, and we expressly decline to do so here.

█

We conclude that the failure to personally sign a summons, like the omission of the 20-day answer notice in *Canadian Pacific* and the improper designation of an agent for receipt of service in *Dungan*, constitutes a technical defect, provided that the summons is served with a signed complaint. Because La Crosse Products concedes that they were not prejudiced by the defect, the summons and complaint were sufficient for the circuit court to acquire personal jurisdiction. *See American Family*, 167 Wis. 2d at 533.

█

Our conclusion that Gaddis' failure to sign the summons constituted merely a technical defect is consistent with Wisconsin's tradition of avoiding dismissal of an action based on technical errors and omissions, as codified in Wis. Stat. § 805.18(1).[6] *Canadian Pacific*, 86 Wis. 2d at 372. Similarly, this court has held that "the entire tenor of modern law is to prevent the avoidance of adjudication on the merits by resorting to dependency on nonprejudicial and nonjurisdictional technicalities." *Schlumpf v. Yellick*, 94 Wis. 2d 504, 511, 288 N.W.2d 834 (1980), quoting *Cruz v. DILHR*, 81 Wis. 2d 442, 449, 260 N.W.2d 692 (1978). We con-

---

[6] Section 805.18(1) provides in relevant part:

The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.

clude that the defect here is precisely the type of nonprejudicial technicality that should not prevent Gaddis from having his day in court.

*By the Court.*—The decision of the court of appeals is reversed.