Lorie NOVAK, Plaintiff-Appellant,

v.

Reginald PHILLIPS and Gunville Trucking Inc., a Wisconsin Corporation, Defendants-Respondents.

Court of Appeals

*No. 00–2416. Submitted on briefs February 27, 2001.—Decided May 15, 2001.*

## 2001 WI App 156

(Also reported in 631 N.W.2d 635.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Paul D. Poulson* and *Mouw & Celello, P.C.* of Iron Mountain, MI.

On behalf of the defendant-respondent Reginald Phillips, the cause was submitted on the brief of *Craig T. Maxwell* of Green Bay. On behalf of the defendant-respondent Gunville Trucking, Inc., the cause was submitted on the brief of *John W. Zawadsky* and *Jill D. Hamill* and *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.* of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Lorie Novak appeals an order dismissing her case for failure to properly sign and file her summons and complaint, contrary to WIS. STAT. §§ 801.09(3) and 802.05(1)(a).[1] She contends that a rubber-stamped imprint of her counsel's handwritten signature satisfies the statute. Alternatively, she argues that even if it does not satisfy the statute, counsel timely corrected the error. Further, if the error was not timely corrected, she argues that it is nevertheless merely a technical error that has not prejudiced the defendants. Finally, she contends that the trial court erred when it denied her motion to amend her complaint.

¶ 2. We conclude that a stamped reproduction of a signature does not satisfy WIS. STAT. §§ 801.09(3) or 802.05(1)(a) and that correcting the signature a year

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

after receiving notice is not timely under § 802.05(1)(a). We further conclude that although the error is technical, it has prejudiced the defendants. However, because the trial court applied an improper standard in its analysis of the motion to amend the pleadings, we remand for it to reexamine this issue.

## BACKGROUND

¶ 3. Novak's employer hired Gunville Trucking, Inc., to teach Novak how to drive a semi-tractor trailer. Novak brought this action claiming that Reginald Phillips, a Gunville employee who was supposed to be training her, sexually assaulted and battered her. She brought this action against Phillips to recover damages resulting from the sexual assault and battery. She also sued Gunville, alleging that it negligently hired and supervised Phillips. Novak further alleged that Phillips and Gunville had interfered with her employment contract and breached their contractual duty to train her.

¶ 4. Novak's counsel filed a timely summons and complaint and served authenticated copies upon the defendants. However, the documents bore his rubber-stamped signature instead of a handwritten signature.

¶ 5. Both Phillips' and Gunville's answers included an affirmative defense claiming that the summons was insufficient because it was not subscribed with the handwritten signature of the plaintiff or plaintiff's counsel.

¶ 6. One year later, Phillips and Gunville gave Novak's counsel, Paul Poulson, notice that they intended to file motions to strike the summons and complaint because of the rubber-stamped signature. Poulson then submitted documents with handwritten signatures and an affidavit stating that he and another

attorney had investigated the claim prior to filing it. His affidavit further stated that his signature was stamped on the summons and complaint with his knowledge and permission, with the intent to constitute the certification required under WIS. STAT. § 802.05(1)(a). He testified via affidavit that he had performed all statutory requirements that the signature was intended to represent.

¶ 7. Both defendants brought motions to strike based on counsel's failure to properly subscribe the summons and complaint with his handwritten signature. The court granted the motion. Novak's counsel orally requested permission to file an amended complaint pursuant to WIS. STAT. § 802.09. After further briefing, the court denied the request to amend and dismissed the case. Novak now appeals the order dismissing her claim and denying her motion to amend the summons and complaint.

## ANALYSIS

### I. STATUTORY FRAMEWORK

¶ 8. A civil action is commenced in accordance with WIS. STAT. § 801.02(1), which provides:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

¶ 9. WISCONSIN STAT. § 801.09(3) requires that "[t]he summons shall be subscribed with the handwritten signature of the plaintiff or attorney . . . ." This

requirement is also applicable to the complaint under WIS. STAT. § 802.05(1)(a), which outlines the purpose of a handwritten signature:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that the pleading, motion or other paper is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

However, failure to sign the summons or complaint is not fatal to the action if it is "signed promptly after the omission is called to the attention of the pleader or movant." *Id.* Further, if the defect does not affect the substantial rights of a party, the court must disregard the error. WIS. STAT. § 805.18(1).

II. WHETHER THE RUBBER-STAMPED SIGNATURE IS A DEFECT

¶ 10. First, Novak contends that the summons and complaint have no defects. She contends that the rubber-stamped imprint of her counsel's signature satisfies the statutory requirements and purpose. We disagree.

¶ 11. WISCONSIN STAT. § 802.05(1)(a) unambiguously requires that the attorney's signature be handwritten, certifying that the case was investigated, is well founded in fact and law and is not being used to

harass the defendants. A rubber stamp affixing a signature is not a handwritten signature but, rather, is a reproduction of a handwritten signature.[2]

¶ 12. Novak nevertheless cites *Kocinski v. Home Ins. Co.*, 147 Wis. 2d 728, 433 N.W.2d 654 (Ct. App. 1988), to argue that a rubber-stamped signature is sufficient to "subscribe" a summons and complaint. *Kocinski* held that a rubber-stamped signature satisfied WIS. STAT. § 807.05, which governs stipulations. *Kocinski*, however, is not applicable to the instant case because § 807.05 only requires that the paper be "subscribed" by the attorney. On review, the supreme court stated that "the court of appeals correctly pointed out that the requirement that a name be 'subscribed' is to be distinguished from the requirement that there be a 'signature.'" *Kocinski v. Kocinski*, 154 Wis. 2d 56, 64, 452 N.W.2d 360 (1990). WISCONSIN STAT. §§ 801.09(3) and 802.05(1)(a) require handwritten signatures. *Kocinski* does not govern this case.

¶ 13. Novak next argues that a stamped signature satisfies dictionary definitions of "subscribed."[3] This argument fails under *Kocinski*. Moreover, not only does WIS. STAT. § 805.02(1)(a) require that the sum-

---

[2] No one argues that WIS. STAT. § 802.05(1)(c) applies to this case. This subparagraph allows a duplicate signature to satisfy the signature requirement "if a handwritten signature appears on the original document and the signing party or his or her attorney retains the original document." WIS. STAT. § 802.05(1)(c).

[3] Novak contends that we should interpret "subscribed" to mean "to give consent to (something written); to bind oneself to by writing one's name beneath; as, parties *subscribe* a covenant or contract; a man *subscribes* a bond or articles of agreement [or] to support; to consent to; to favor; to sanction," quoting WEBSTER'S NEW 20TH CENTURY DICTIONARY (2d ed.).

mons and complaint to be subscribed with a "handwritten signature," but WIS. STAT. § 990.01(38), further provides: "If the signature of any person is required by law it shall always be the handwriting of such person or, if the person is unable to write, the person's mark or the person's name written by some person at the person's request and in the person's presence." A stamped signature does not satisfy the § 805.02(1)(a) "handwritten signature" requirement.

III. WAS DEFECT PROPERLY CORRECTED

¶ 14. WISCONSIN STAT. § 802.05(1)(a) permits an attorney to correct the signature defect "promptly after the omission is called to the attention of the pleader or movant." In this case, the defect was not properly corrected under § 802.05(1)(a) because it was not "promptly" corrected. Phillips and Gunville notified Novak's counsel of the deficiency in their answers to the complaint, but it was not corrected until almost a year later. Although Novak argues that Phillips and Gunville only challenged the signature on the summons, the summons and complaint had the same rubber-stamped signature. We conclude that their answers notified Novak of both the summons' and complaint's deficiency. Novak makes no argument why a one-year delay should be considered prompt, and we conclude that it is not.[4]

---

[4] Novak also argues that Phillips has waived his right to challenge the summons and complaint because he failed to raise the defense in his initial motion to strike. However, his motion was brought under WIS. STAT. § 802.06(6), while the subsequent motion to dismiss was brought under WIS. STAT. §§ 801.02(1) and 802.05(1)(a). He contends that § 802.06(7), which requires a party to consolidate defenses pled under § 802.06, does not bar a

## IV. FUNDAMENTAL OR TECHNICAL DEFECT

¶ 15. Next, we examine if the defect is technical or fundamental. Novak contends that it is a technical defect, while Phillips and Gunville contend that it is fundamental. We conclude that the failure to personally sign the summons and complaint was a technical defect.

¶ 16. Defects in a summons or complaint are either technical or fundamental. "[W]here the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof." *Gaddis v. La Crosse Prods.*, 198 Wis. 2d 396, 401–02, 542 N.W.2d 454 (1996). Novak bears the burden of showing that the defect was technical and not prejudicial to the defendants. *Id.* at 402. Prejudice is only relevant if Novak has demonstrated that the error was technical and not fundamental. *Id.*

¶ 17. Resolution of this issue requires interpretation of WIS. STAT. §§ 801.09(3) and 802.05(1)(a), a question of law. *See Gaddis*, 198 Wis. 2d at 401. No party has cited a case directly dealing with whether rubber-stamped signatures on the summons and complaint are technical or fundamental defects under §§ 801.09(3) and 802.05(1)(a). In *Dungan v. County of Pierce*, 170 Wis. 2d 89, 95–96, 486 N.W.2d 579 (Ct. App. 1992), we held that a procedural error involving WIS.

motion under §§ 801.02(1) and 802.05(1)(a). Novak does not reply to this argument. We therefore deem it conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

STAT. § 801.02 was fundamental and that errors in content or form are technical. *Dungan,* 170 Wis. 2d at 96. Whether the defect is technical or fundamental is resolved by analyzing the purposes of the statute and the type of action involved. *Jadair, Inc. v. United States Fire Ins. Co.,* 209 Wis. 2d 187, 208, 562 N.W.2d 401 (1997). If the purpose of the statutory rule is fulfilled, then we consider the defect to be technical and not fundamental. *Id.*

¶ 18. *Dungan* observed that service of an unauthenticated summons and complaint on a defendant before filing it with the trial court was a fundamental error. *Id.* at 95. It is also fundamental error when a plaintiff timely serves an authenticated summons and complaint on a defendant, but that defendant is not named in the summons, or when the service is not accomplished within the statutorily prescribed time after filing. *American Family Mut. Ins. Co. v. Royal Ins. Co.,* 167 Wis. 2d 524, 533–34, 481 N.W.2d 629 (1992). WISCONSIN STAT. § 801.02(1) requires a plaintiff to name the defendants in both the summons and complaint and to serve an authenticated summons and complaint on a defendant within sixty days of filing them with the court.

¶ 19. *Dungan* and *Gaddis* provide examples of technical defects. In *Dungan,* the plaintiff signed the summons as a pro se party, but designated that the answer be sent to his attorney. *Id.* at 94. The court concluded that this error was technical because it did not frustrate the purpose behind the WIS. STAT. § 801.02 requirements. *Id.* at 98. A summons failing to direct the defendant to answer within twenty days was also a technical defect. *Id.* at 96. In *Gaddis,* the court held that failure to sign the summons was a technical defect where all other procedural requirements were

met, including an original handwritten signature on the complaint. *Id.* at 407. These failures to meet WIS. STAT. §§ 801.09 and 809.095 requirements were held to be errors in content and form.[5] *See Gaddis*, 198 Wis. 2d at 407.

¶ 20. The trial court and defendants relied on *McMillan-Warner Mut. Ins. Co. v. Kauffman*, 159 Wis. 2d 588, 465 N.W.2d 201 (Ct. App. 1990). In *McMillan*, the plaintiff failed to timely serve the defendants with a signed summons and complaint. *Id.* at 590; *see also Gaddis*, 198 Wis. 2d at 405. *McMillan* concluded that the court acquired subject matter jurisdiction or competency to act when a properly subscribed summons and complaint were filed with the court. *Id.* at 594. The court determined that a plaintiff's failure to serve a defendant in accordance with WIS. STAT. § 801.02(1) was fatal to the claim. *Id.* It further reasoned that it had not acquired personal jurisdiction over the defendants before the statute of limitations expired, and the defendants were entitled to the statutory extinction of the cause. *Id.*

¶ 21. Novak distinguishes this case from *McMillan* in several ways. First, she argues that *McMillan* applies a former version of WIS. STAT. § 802.05(1)(a) that did not allow for a missing or inadequate signature to be cured. Second, Novak contends that the *McMillan* analysis has been replaced by *Gaddis* and *Burnett v. Hill*, 207 Wis. 2d 110, 557 N.W.2d 800 (1997).[6]

---

[5] We recognize that *Gaddis v. La Crosse Prods.*, 198 Wis. 2d 396, 407, 542 N.W.2d 454 (1996), declined to make a bright-line rule that all defects under WIS. STAT. § 801.09 are technical.

[6] *Burnett v. Hill*, 207 Wis. 2d 110, 557 N.W.2d 800 (1997), analyzed whether a defect in service by publication deprived the court of personal jurisdiction. It did not interpret WIS. STAT.

¶ 22. Novak is correct that *McMillan* applied an earlier version of WIS. STAT. § 802.05(1)(a), which did not give a party an opportunity to correct a signature defect. *See* 1987 WIS. ACT 256. Gunville acknowledges that § 802.05(1)(a) has been amended since *McMillan* to provide the opportunity to correct the failure to sign. Gunville contends that the amendment does not help Novak because she never commenced an action, so § 802.05 was not available to her. Both defendants contend that *Gaddis* approved the holding in *McMillan*. We disagree.

¶ 23. *Gaddis* does not cite *McMillan* with approval or disapproval, but rather distinguishes it factually. *Gaddis*, 198 Wis. 2d at 405. Further, *Gaddis* does not note or discuss the significance of the amendment to WIS. STAT. § 802.05(1)(a) in light of *McMillan*. We see the addition of the defect-correction language in § 802.05(1)(a) as the legislature's response to the *McMillan* holding that "commencement requires a properly subscribed summons and complaint," as Novak implicitly argues.

---

§ 802.05(1)(a) and does not assist our interpretation of that section as amended. Novak also argues that that the plaintiff in *McMillan-Warner Mut. Ins. Co. v. Kauffman*, 159 Wis. 2d 588, 465 N.W.2d 201 (Ct. App. 1990), did not sign the second summons and complaint, nor did it have leave to file a second amended complaint. The plaintiff did not timely serve the original summons and complaint and did not claim that it had properly served a first amended summons and complaint. By contrast, here the defendants contest Novak's original summons and complaint and Novak's counsel stamped his signature and provided an affidavit that the purposes of § 802.05(1)(a) were intended to be satisfied by the stamped signature. Because we resolve the issue on other grounds, we need not address these arguments. *See State v. Blalock*, 150 Wis. 2d 688, 702, 442 N.W.2d 514 (Ct. App. 1989).

685

¶ 24. Here, neither defendant argues that Novak's suit was not well founded, properly investigated, or otherwise fails to meet the purposes of WIS. STAT. § 802.05(1)(a), except to note that failure to handwrite a signature independently signifies a failure to meet these statutory requirements. They also do not contend that the summons failed to notify them of the action against them. The existence of § 802.05(1)(a) demonstrates that the failure to properly sign the summons and complaint is a technical defect. If it was fundamental, a plaintiff would not have the opportunity to avail himself or herself of this defect-correcting provision. That § 802.05(1)(a) *is* available also belies the defendants' and the trial court's position that under *McMillan*, no action was commenced because commencement requires a properly subscribed summons and complaint.

¶ 25. As indicated, WIS. STAT. § 801.02 sets forth what is necessary to commence an action. A defect in commencing is addressed by a WIS. STAT. § 802.06 motion. The court could not consider such a motion if the defendants are correct that a defective signature means that no action was ever commenced. This position would render WIS. STAT. § 802.05(1)(a) superfluous as to the summons and complaint because a party could never use it to correct the deficiency. We reject this position. *See State ex rel. Reimann v. Circuit Court,* 214 Wis. 2d 605, 619, 571 N.W.2d 385 (1997) (construction of a statute that renders part of it meaningless must be avoided since courts are obligated to avoid construction that renders portion of statute superfluous). The defect in this case is technical.

## V. PREJUDICE

¶ 26. Because we conclude that the defect is technical, we must consider whether it prejudiced the defendants. As stated above, neither defendant argues that the complaint was not well founded or properly investigated or that the summons failed to notify them of the action. In fact, because both defendants argued that the defect was fundamental, neither discussed prejudice.

■

¶ 27. Although we consider this a technical defect because it is one that may be corrected, indeed, without leave of the court if done within six months, WIS. STAT. § 802.09(1), we nevertheless conclude that it was prejudicial. The statutes require a handwritten signature as a certification under WIS. STAT. § 802.05(1)(a). If it is not initially done properly, the defect must be corrected, or else the certification statute and the protection it was intended to afford is rendered meaningless. In order to successfully correct the defect it must done "promptly." When it is not corrected under the statutory mandate, there is no certification and thus the prejudice.

¶ 28. Although Novak cites *Gaddis* to support her contention that the defect in this case is nonprejudicial error, the defendants in that case conceded that they were not prejudiced, so the court did not reach the issue. *See id.* at 407. In *Gaddis*, the court stated that "where the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced . . . ." *Id.* at 401–02. Therefore, where a technical defect has prejudiced the defendants, the court does not have personal jurisdiction over the defendants and has discretion to dismiss the com-

plaint. *See id.*; *Canadian Pacific Ltd. v. Omark-Prentice Hydraulics*, 86 Wis. 2d 369, 372, 272 N.W.2d 407 (Ct. App. 1978). However, Novak moved to amend the complaint. We address that issue next.

VI. AMENDING THE COMPLAINT

¶ 29. Novak challenges the trial court's decision to deny her request for leave to amend the summons and complaint. The trial court decided it could not consider Novak's motion to amend the complaint because the summons and complaint were fundamentally defective and the court therefore lacked competence to act. We reject this conclusion.

¶ 30. The defendants cite *McMillan* and *Jadair* to support the proposition that amendment is improper in this case because the court lacks subject matter jurisdiction. While *McMillan* concluded that when the statute of limitation was at issue, WIS. STAT. § 801.02 defects denied the court subject matter jurisdiction, *see id.* at 593–94, cases occurring later applied a different analysis. *See Gaddis*, 198 Wis. 2d at 401–02. Additionally, while *Jadair* concluded that it lacked jurisdiction and that amendment was improper, it can be distinguished on several grounds.

¶ 31. Beginning with *American Family*, the summons and complaint defect analysis focuses on whether the court has personal jurisdiction over the defendant or defendants, and not whether the court has subject matter jurisdiction to make rulings on the issue. *Id.* at 527. The defendant in *Honeycrest Farms v. Brave Harvestore Systems*, 200 Wis. 2d 256, 261, 546 N.W.2d 192 (Ct. App. 1996), argued, like the defendants in this action, that failure to serve a statutorily proper summons and complaint deprives the court of subject matter jurisdiction, citing *Hester v. Williams*, 117 Wis.

2d 634, 345 N.W.2d 426 (1984). *Honeycrest* rejected that contention, noting that both state and federal courts have construed these defects to deny the court personal jurisdiction over the defendants, but not to divest the court of subject matter jurisdiction. *Id.* at 262–63 (citing *American Family*, 167 Wis. 2d at 533–34; *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

¶ 32. If the court was without jurisdiction to hear motions for dismissal or amendment, the statutes providing for these procedures would be meaningless. *See* WIS. STAT. § 802.06(2)(b) (motions challenging the complaint on any grounds listed in § 802.06(2)(a) including personal jurisdiction, subject matter jurisdiction, and insufficiency of summons or process) and § 802.09 (amendment); *Reimann*, 214 Wis. 2d at 619. *Jadair* echoed this sentiment, noting that failure to comply with rules other than the timely filing of a notice of appeal, did not affect the court's jurisdiction over the appeal and would permit the court to rule on motions for dismissal, summary reversal, striking of a paper, or the imposition of penalties or costs. *Id.* at 212 (citing WIS. STAT. RULE 809.83(2)).[7] Because of the summons' and complaint's prejudicial technical defect in this case, the court failed to acquire personal jurisdiction over the defendants. *See Gaddis*, 198 Wis. 2d at 401–02. However, the court has not lost subject matter jurisdiction over the case.

---

[7] *Jadair, Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 208, 562 N.W.2d 401 (1997), can further be distinguished because it analyzed WIS. STAT. RULES 809.10(1)(b) and 809.83 to interpret its jurisdiction. These rules apply specifically to appeals and are not at issue in this case.

██

¶ 33. We conclude that the trial court has subject matter jurisdiction to determine whether justice required the court to allow Novak to file an amended summons and complaint. WISCONSIN STAT. § 802.09(1) provides that a court shall freely grant a request to amend the pleadings "at any stage in the action when justice so requires." A motion to permit an amendment is left to the court's discretion. *Grothe v. Valley Coatings*, 2000 WI App 240, ¶ 12, 239 Wis. 2d 406, 620 N.W.2d 463. Although *Jadair* supports denying a motion to amend a notice of appeal when the defect is fundamental, such as the unauthorized practice of law, *id.* at 211–12, we have concluded that the defect in this case is technical. If, as it did here, the trial court applies an erroneous view of the law, it improperly exercises discretion. *See Grothe*, 2000 WI App at ¶ 12. The case is therefore remanded for the court to determine whether in the proper exercise of discretion Novak's alternative form of relief should be granted.

 *By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions. No costs on appeal.