**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 16, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP438**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015FA6145

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

JESSICA D. SMITH,

    RESPONDENT-RESPONDENT,

DWAYNE KYLE PEARSON,

    RESPONDENT-APPELLANT.

---

      APPEAL from an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK, Judge. *Affirmed*.

      Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Dwayne Kyle Pearson, pro se, appeals an order denying his motion for reconsideration regarding the issue of the circuit court's competency in this paternity matter.  We affirm.

## BACKGROUND

¶2     On September 17, 2015, the State commenced a child support action against Pearson based on a voluntary paternity acknowledgement he signed with the mother of his children, Jessica D. Smith.  The summons and petition for child support were electronically filed, together with an electronic transmittal letter containing the signature of the attorney who was filing those documents.

¶3     In March 2017, Pearson filed a motion challenging the circuit court's personal jurisdiction, arguing that he was not properly served.  He also challenged the court's subject matter jurisdiction, claiming that the State was not a real party in interest; and he alleged there was insufficient evidence to demonstrate that Smith had received public assistance through the State, the basis for the State's interest in the matter.  The circuit court rejected those claims.  Pearson appealed, and this court affirmed.  *See State v. Smith*, No. 2017AP1526, unpublished slip op. (WI App May 21, 2019).

¶4     Other litigation followed over the next several years relating to the amount of support and the placement of the children.  Then in August 2023, Pearson filed a motion to dismiss this matter, again challenging personal and subject matter jurisdiction.  His basis for that motion, however, was that the summons and petition for support filed in September 2015 were defective due to

the lack of the filing attorney's signature on those documents. The circuit court rejected his arguments, citing this court's decision regarding jurisdiction, and denied Pearson's motion.

¶5 Pearson then filed a motion for reconsideration in November 2023, stating that he had intended to challenge the circuit court's competency, as opposed to jurisdiction. The circuit court held a hearing on the motion in February 2024. At the hearing, the State explained that when the summons and petition in this matter were filed, Milwaukee County had just started requiring documents to be electronically filed, and the procedures in effect at that time required the filing of a properly signed electronic transmittal letter together with the summons and petition. The circuit court accepted this as being "sufficient" to find that it had not lost competency, and denied Pearson's motion for reconsideration. This appeal follows.

## DISCUSSION

¶6 "[A] circuit court is never without subject matter jurisdiction." *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶1, 273 Wis. 2d 76, 681 N.W.2d 190. However, the "failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the particular case before the court." *Id.*, ¶9. Put another way, the circuit court's competency—its "power … to exercise its subject matter jurisdiction in a particular case"—may be affected by its "noncompliance with statutory requirements[.]" *City of Eau Claire v. Booth*, 2016 WI 65, ¶7, 370 Wis. 2d 595, 882 N.W.2d 738 (citations and internal quotation marks omitted).

¶7 However, "challenges to circuit court competency may be forfeited" if they are not timely raised. *Id.*, ¶1. For example, in *Booth*, our supreme court

3

held that a challenge of the circuit court's competency based on errors in a previously charged OWI count, which was not raised for 22 years, was not timely and therefore was forfeited. *Id.*, ¶¶1, 26. Similarly, in *Mikrut* our supreme court rejected a competency claim that was "asserted … for the first time more than six months after the judgment was upheld on appeal." *Id.*, 273 Wis. 2d 76, ¶31. Whether a circuit court has lost competency, and whether any objection to competency has been forfeited, are questions of law that this court reviews de novo. *Id.*, ¶7.

¶8 We conclude that Pearson has forfeited his claim regarding the circuit court's competency in this matter. He did not raise this claim until November 2023, when he filed his motion for reconsideration.[1] This was over eight years after the summons and petition were filed, and approximately four and one-half years after this court resolved his previous appeal in this matter. Furthermore, additional litigation in the matter occurred throughout that time. As our supreme court noted in *Booth*, such a "considerable delay in raising the issue suggests an attempt to play fast and loose with the court system," something that is "frown[ed] upon" by the courts. *Id.*, 370 Wis. 2d 595, ¶25.

---

[1] By order dated July 23, 2024, this court determined it had jurisdiction over the order denying Pearson's motion for reconsideration in which he raised the circuit court's competency. However, we also concluded that we did not have jurisdiction over the order denying his motion to dismiss filed in August 2023, in which he again challenged the circuit court's personal and subject matter jurisdiction, after determining that Pearson did not timely appeal the circuit court's order concerning those claims.

In his appellate briefs, Pearson appears to argue that he has not forfeited his competency claim because it was preserved through his initial challenges to subject matter jurisdiction. However, we note that Pearson argued the opposite in the jurisdictional memorandum he filed in this matter on May 16, 2024, by order of this court, prior to this court making the jurisdiction determination described above. In his memo, Pearson stated that the competency issue was a "new issue." We therefore reject his argument that he has not forfeited his competency claim because it was previously preserved.

¶9     Moreover, even if Pearson's competency claim was not forfeited, it fails.  The circuit court's competency to proceed in a matter is implicated "[o]nly when the failure to abide by a statutory mandate is 'central to the statutory scheme[.]'" *Mikrut*, 273 Wis. 2d 76, ¶10 (citation omitted).

¶10     The purpose of the statutory mandate requiring a signature on all pleadings, set forth in WIS. STAT. § 802.05 (2023-24),[2] has previously been explained as "simply … plac[ing] a professional obligation on the attorney as an officer of the court to satisfy himself [or herself] that there are grounds for the action, defense or motion." *Gaddis v. LaCrosse Prods., Inc.*, 198 Wis. 2d 396, 405, 542 N.W.2d 454 (1996) (citations omitted).  Our supreme court in *Gaddis* found that this purpose was fulfilled when a signed complaint was filed with an unsigned summons.  *Id.* at 399, 405.  The court deemed the unsigned summons to be a "technical defect," observing that the defendant had conceded it suffered no prejudice as a result of the missing signature.  *Id.* at 407-08.  The court further noted "Wisconsin's tradition of avoiding dismissal of an action based on technical errors and omissions[.]" *Id.* at 407.

¶11     The same logic is applicable here.  In filing the signed electronic transmittal letter with the summons and petition for support, the filing attorney was satisfying his professional obligation by representing that there were sufficient grounds for the action, in accordance with the electronic filing procedures in place at the time.  *See id.* at 405.  To the extent his failure to sign the summons and petition could be deemed a defect, it would be a technical defect.  *See id.* at 407.  Pearson does not allege prejudice as a result of the lack of signatures of the

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

summons and petition, and the record does not demonstrate that Pearson suffered any such prejudice given that he has proceeded with litigating this matter during the many years since the summons and petition were filed. *See id.* at 407-08.

## CONCLUSION

¶12 Therefore, Pearson's claim that the circuit court did not have competency to proceed in this matter is forfeited, as well as failing on the merits. Accordingly, we affirm the circuit court's order denying his motion for reconsideration.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.