No. 00–3490–CR

STATE of Wisconsin, Plaintiff-Respondent,

v.

Marvin C. SEAY, Defendant-Appellant.

No. 00–3530

STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher TILLMAN, Defendant-Appellant.

Court of Appeals

*Nos. 00–3490–CR, 00–3530. Submitted on jurisdictional memoranda June 4, 2001.—Decided January 23, 2002.*

2002 WI App 37

(Also reported in 641 N.W.2d 437.)

On behalf of the defendants-appellants, the cause was submitted on the memorandum of *Christopher Tillman, pro se*.

On behalf of the plaintiff-respondent, the cause was submitted on the memoranda of *Susan M. Crawford* and *Maura FJ Whelan*, assistant attorneys general, and *James E. Doyle*, attorney general.

Before Brown, Anderson and Snyder, JJ.

¶ 1. PER CURIAM. In these two appeals,[1] the appellants filed unsigned notices of appeal with the clerks of the circuit courts. The issue is whether the failure to sign the notice of appeal deprives this court of appellate jurisdiction. In accord with the recent United States Supreme Court ruling in *Becker v. Montgomery*, 532 U.S. 757 (2001), we conclude that a person's failure to sign the notice of appeal does not deprive this court of appellate jurisdiction if the omission is corrected once it is called to the appellant's attention.

¶ 2. Both appellants, Marvin Seay (No. 00–3490–CR) and Christopher Tillman (No. 00–3530) are incarcerated and seek review of circuit court orders denying WIS. STAT. § 974.06 (1999–2000)[2] motions for postconviction relief. Both men are proceeding pro se and neither signed the notice of appeal that was filed in the circuit court. In each appeal, this court issued an order shortly after the appellate record was filed. Each order noted that the notice of appeal was not signed, and the court ordered the parties to file memoranda addressing the effect, if any, of the lack of a signature on this court's jurisdiction. Tillman filed a response; Seay did not.[3]

---

[1] We will consolidate these appeals for purposes of this opinion.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] Seay did, however, subsequently send a letter to the clerk

¶ 3. In both cases, the State argues that the appeals must be dismissed, relying on *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 562 N.W.2d 401 (1997). The issue before the court in *Jadair* was "whether a notice of appeal is fatally defective when it is signed and filed by a nonlawyer on behalf of a corporation." *Id.* at 194. The court first determined that a notice of appeal was a "paper" under Wis. Stat. § 801.14 that must be signed pursuant to Wis. Stat. § 802.01(2)(d). *Jadair*, 209 Wis. 2d at 200. The court then held that when a person signs a notice of appeal, he or she is "rendering a legal service" and therefore, a nonlawyer who signs a notice of appeal on behalf of a corporation is engaging in the unauthorized practice of law. *Id.* at 204. Because the proscription against the unauthorized practice of law is designed to protect the public, the court concluded that the defect was fundamental and dismissed the appeal, regardless of the lack of prejudice to the respondent. *Id.* at 210–13.

¶ 4. Under Wis. Stat. § 802.05(1)(a), a party's signature on a paper

> constitutes a certificate that the . . . party has read the . . . paper; that to the best of the . . . party's knowledge, information and belief, formed after reasonable inquiry, the . . . paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and . . . is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The court in *Jadair* noted that § 802.05 also protected

---

of this court indicating that his file had been lost during an institutional transfer and asking that the clerk forward to him a copy of the notice of appeal so that he "may sign it and send it back in order that it be made a part of the record."

the public from the unauthorized practice of law by "plac[ing] a professional obligation on the attorney, as an officer of the court, to satisfy himself or herself as to the legal grounds for the action, defense or motion." *Jadair*, 209 Wis. 2d at 210–11.

¶ 5. While the protections afforded by Wɪs. Sᴛᴀᴛ. § 802.05—a certification that the party has read the notice of appeal and believes that the appeal is well-grounded in fact and taken in good faith—apply with equal force to these pro se appeals, it is important to note that § 802.05 also expressly permits a party to sign a paper after it is filed with the court: "If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Sec. 802.05(1)(a). Thus, the express language of the statute suggests that a failure to sign a notice of appeal can be corrected and that the failure to sign does not compel the immediate dismissal of the appeal.

¶ 6. *Jadair* stands for the proposition that a corporate appellant must appear by counsel at all phases of an appeal, including the act of filing the notice of appeal. The court's holding rests primarily on the need to protect the public from the unauthorized practice of law. *Jadair*, 209 Wis. 2d at 210–12. Because both Seay and Tillman seek to represent themselves, that concern is absent from these cases.

¶ 7. In *Becker*, the United States Supreme Court addressed the identical issue now before this court, albeit under the Federal Rules of Procedure: "[W]hen a party files a timely notice of appeal . . . does the failure to sign the notice of appeal require the court of appeals to dismiss the appeal?" *Becker*, 532 U.S. at 760. The Court held that Rule 11(a) of the Federal Rules of Civil Procedure required that a notice of appeal, like other

papers filed in court, be signed by counsel or, if the party is unrepresented, by the party. *Becker*, 532 U.S. at 763. The Court noted, however, that Rule 11(a) "goes on to provide in its final sentence that 'omission of the signature' may be 'corrected promptly after being called to the attention of the attorney or party.' " *Becker*, 532 U.S. at 764. The Court wrote that the "signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself." *Id.* at 765.

¶ 8. The Court also considered Federal Rules of Appellate Procedure 3(c)(4), which provides that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." *Becker*, 532 U.S. at 767. The Court concluded that the absence of a signature on a notice of appeal filed by a pro se appellant does not compel dismissal of the appeal. While a notice of appeal must be signed, "if the notice is timely filed and adequate in other respects, jurisdiction will vest in the court of appeals [and] the case may proceed so long as the appellant promptly supplies the signature once the omission is called to his attention." *Id.* at 760.

¶ 9. For these purposes, Wis. Stat. § 802.05(1) is identical to Rule 11(a) of the Federal Rules of Civil Procedure. And, like Federal Rules of Appellate Procedure 3(c)(4), Wis. Stat. § 807.07(1) provides that "[i]f it appears . . . that [an] appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken." *See also Northridge Bank v. Cmty. Eye Care Ctr., Inc.*, 94 Wis. 2d 201, 203,

287 N.W.2d 810 (1980) (an appellant should be permitted to amend a timely filed notice of appeal under § 807.07(1) to correct an "inconsequential" error in the content of the notice of appeal). All of the federal rules under consideration in *Becker* have substantially similar counterparts in Wisconsin. Therefore, we conclude that the Supreme Court's analysis in *Becker* is persuasive.[4]

¶ 10. In conclusion, we conclude that these appeals should not be dismissed at this time. Both appellants will be given the opportunity to file a signed notice of appeal with the clerk of this court. If a signed notice of appeal is filed within fourteen days from the date of this decision, the appeal may go forward. If either appellant does not file a signed notice of appeal within fourteen days, then that appeal will be dismissed.

*By the Court.*—Jurisdiction confirmed.

[4] Because the opinion in *Becker* is not based on the United States Constitution, it is not binding on this court. *State ex rel. Shimkus v. Sondalle*, 2001 WI App 238, ¶ 8, 239 Wis. 2d 327, 620 N.W.2d 409. However, we will follow the reasoning of a federal court decision that we deem persuasive on a particular point of law. *Id. See also State ex rel. Nichols v. Litscher*, 2001 WI 119, ¶ 18 n.4, 247 Wis. 2d 1013, 635 N.W.2d 292.