Town of Dunkirk, Plaintiff-Appellant,

v.

City of Stoughton, James L. Flynn, Linda J.
Flynn, Elton M. Gunsolus, Luella M. Gunsolus,
Alan P. Larson, Doreen B. Larson, Randy W.
Olson, Donna L. Olson, Donald Olson, Roberta L.
Peterson, Peter A. Sveum and Sveum Enter-
prises, Ltd., Defendants-Respondents.

Court of Appeals

*No. 02–0166. Submitted on briefs October 11, 2002.—Decided
October 31, 2002.*

2002 WI App 280

(Also reported in 654 N.W.2d 488.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Constance L. Anderson* and *Gregory D. Murray* of *Merg & Anderson, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Stephen J. Liccione* and *Andrew W. Erlandson* of *Reinhart Boerner Van Deuren, S.C.*, Madison.

Before Vergeront, P.J., Dykman and Lundsten, JJ.

¶ 1. VERGERONT, P.J. The Town of Dunkirk appeals the circuit court order dismissing its complaint challenging a petition for annexation filed by the City of Stoughton. The court concluded that it lacked personal jurisdiction over the City of Stoughton and the other named defendants[1] because the initial summons and complaint had been signed by an attorney who at the time was suspended from the practice of law in Wisconsin. We agree with the circuit court that there was a defect in the initial summons and the initial complaint because both were signed by an attorney who was at the time suspended from the practice of law in Wisconsin. Applying *Schaefer v. Riegelman*, 2002 WI 18, 250 Wis. 2d 494, 639 N.W.2d 715, we conclude that the defect was fundamental rather than technical. Assuming without deciding that the defect could be cured under Wis. Stat.

---

[1] Besides the City of Stoughton, the complaint named a number of individuals and a business, alleging that each either had signed the petition for annexation or had a potential interest in the subject matter of the action.

§ 802.05(1)(a) (1999–2000),[2] we conclude it was not cured, because the Town of Dunkirk filed only an amended complaint with new counsel's signature; it never filed an amended or corrected summons. Accordingly, the circuit court correctly decided it had no personal jurisdiction over the City of Stoughton and other defendants. Therefore, we affirm the order dismissing this action.

## BACKGROUND

¶ 2. The initial summons and complaint were filed on March 4, 2001, and signed by Michael Cassidy as attorney for the Town of Dunkirk. The complaint sought a declaratory ruling that the City of Stoughton's ordinance annexing land from the Town was invalid.

¶ 3. On June 22, 2001, the defendants moved to dismiss the summons and complaint, asserting that they were not signed by an attorney as required by Wis. Stat. § 802.05, and therefore there was no personal jurisdiction over the defendants. Accompanying the motion as an attachment to an affidavit was a letter from the State Bar of Wisconsin, stating that Michael Cassidy had been suspended from the practice of law in Wisconsin for non-compliance of mandatory continuing legal education credits on June 2, 1998, and had remained suspended since that date up to June 21, 2001, the date of the letter.

¶ 4. On August 1, 2001, the Town, through new counsel, filed an amended complaint that was signed by new counsel. The Town did not file or serve on the defendants an amended or corrected summons signed by new counsel. The defendants moved to dismiss the

---

[2] All references are to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

amended complaint, contending that the defect in the initial summons and complaint was fundamental and could not be cured, and, alternatively, it had not been properly cured. In opposition to this motion, the Town filed affidavits of the town chair and supervisor of the town board, averring that at the time the initial summons and complaint were filed, they did not know and had no reason to believe that Cassidy's law license was suspended.

¶ 5. After briefing and argument, the circuit court concluded that Cassidy's signature on the original summons and complaint was a fundamental defect and therefore the court had no personal jurisdiction over the defendants.

## DISCUSSION

¶ 6. On appeal, the Town contends that under *Schaefer v. Riegelman*, 2002 WI 18, which was decided after the circuit court's order of dismissal, the signature defect in the original pleadings may be corrected, and that it was corrected. We agree with the Town that *Schaefer* provides the proper framework for our analysis, but we do not agree it provides support for the Town's position. Instead, we conclude that *Schaefer* requires dismissal of this action.

¶ 7. Whether pleadings meet the applicable statutory requirements is a question of law, which we review de novo. *Schaefer*, 2002 WI 18, ¶ 15. Whether a defect is fundamental or technical is also a question of law. *Id.* at ¶ 25.

¶ 8. An action is commenced by the filing of a summons and complaint, "provided service of an authenticated copy of the summons and . . . of the com-

plaint . . . is made upon the defendant . . . within 90 days after filing." WIS. STAT. § 801.02(1). In order to obtain personal jurisdiction over a defendant, the defendant must be served with a summons as specified by statute. WIS. STAT. § 801.04(2)(a). If a defect in a pleading is fundamental, no personal jurisdiction exists regardless of whether or not there is prejudice; if the defect is technical, the court has personal jurisdiction if the non-pleading party has not been prejudiced. *Schaefer*, 2002 WI 18 at ¶ 14.

¶ 9. WISCONSIN STAT. § 802.05(1)(a) provides:

> **Signing of pleadings, motions and other papers; sanctions.** (1)(a) Every pleading, motion or other paper of a party represented by an attorney shall contain the name, state bar number, if any, telephone number, and address of the attorney and the name of the attorney's law firm, if any, and shall be subscribed with the handwritten signature of at least one attorney of record in the individual's name . . . . The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that the pleading, motion or other paper is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

In addition, WIS. STAT. § 801.09(3) requires that the summons "shall be subscribed with the handwritten signature of the plaintiff or attorney."

810

¶ 10. In *Schaefer*, the summons and complaint were signed "Robert R. Weinstine (by J.A. Fishel)," which was handwritten by Fishel with Weinstine's knowledge and authorization. Both were attorneys in the same firm. Both were licensed to practice in Minnesota, but only Weinstine was licensed to practice in Wisconsin. 2002 WI 18 at ¶ 2.

¶ 11. The court in *Schaefer* first determined whether the pleadings were defective. The court concluded they were, because they did not contain the handwritten signature of an attorney of record who was licensed to practice in the State of Wisconsin in that attorney's own name. *Schaefer*, 2002 WI 18 at ¶¶ 17–19. The court then discussed whether Fishel and Weinstine were able to cure the defect under the provision in Wis. Stat. § 802.05(1)(a) that if a "pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." *Id.* at ¶ 20–21. The court observed that the defect had been called to the plaintiff's attention more than eight months before the defendant brought the motion for dismissal, and that no attempt had been made to correct the defect within that time. *Id.* The court also stated that Fishel's *pro hac vice* admission did not cure the defect. *Id.* at ¶ 22. Finally, the court observed that the filing and service of the amended complaint did not cure the defect because it was simply a photocopy of the original. *Id.* at ¶ 24.

¶ 12. The court in *Schaefer* then took up the question whether the signature defect was fundamental or technical. *Id.* at ¶ 25. The court concluded that the defect was fundamental. *Id.* at ¶ 38. It reasoned that the subscription requirement "provided an essential protection for the people and business of the State to

remain free from being sued frivolously or improperly—a protection that is at the core of an attorney's professional responsibility." *Id.* at ¶ 30. The subscription requirement also insured attorney accountability under the Wisconsin Rules of Professional Conduct. *Id.* at ¶¶ 29, 31. Minimizing the subscription requirement, the court concluded, would weaken the safeguard provided by WIS. STAT. § 802.05 and weaken attorney accountability. *Id.* at ¶¶ 30–31.

¶ 13. The Town does not dispute that its initial summons and complaint were defective because they were signed by an attorney who had been suspended from the practice of law in Wisconsin. The Town also appears to acknowledge that the court in *Schaefer* held that failure to comply with the attorney subscription requirement is a fundamental defect. However, the Town asserts that *Schaefer* allows the opportunity for correction of a subscription defect under WIS. STAT. § 802.05(1)(a), and, according to the Town, it promptly corrected the defect by filing the amended complaint. The defendants do not agree that *Schaefer* allows a fundamental defect to be corrected under § 802.05(1)(a), arguing that *Schaefer*'s discussion of the corrective provision in § 802.05(1) was dicta, and also pointing out that the plain language applies only to pleadings, motions, or other papers that are "not signed." It is unnecessary for us to decide these issues concerning the corrective provision of § 802.05(1)(a) because, even if it were available to the Town, the Town did not correct the defect in the original summons.

¶ 14. The Town filed only an amended complaint signed by new counsel; it did not file or serve a summons signed by new counsel. Therefore, the defective subscription in the initial summons was not cured.

812

¶ 15. The Town's alternative argument asks us to recognize an exception to *Schaefer* on policy grounds. According to the Town, the reasons for the *Schaefer* court's conclusion that a subscription error is fundamental do not apply to an attorney, like Cassidy, who is licensed to practice law in Wisconsin but has been suspended from the practice of law. The Town asserts that, unlike the attorney in *Schaefer*, who was not licensed in Wisconsin, Cassidy can be held accountable because he is subject to the Wisconsin Rules of Professional Conduct while he is suspended. In addition, the Town argues, dismissal of its action will prevent it from ever challenging the annexation,[3] and that is unfair because it did not know about its attorney's suspension.

¶ 16. We do not have the authority to recognize an exception to the supreme court's holding in *Schaefer*. *See Cook v. Cook*, 208 Wis. 2d 166, 560 N.W.2d 246 (1997). The Town's arguments that policy or other reasons support an exception must be directed to the supreme court. To the extent the Town is arguing that *Schaefer*'s holding does not govern this case because of factual distinctions, we disagree.

¶ 17. In its decision, the court in *Schaefer* considered our opinion in *Novak v. Phillips*, 2001 WI App 156, ¶ 24, 246 Wis. 2d 673, 631 N.W.2d 635, in which we concluded that a rubber-stamped imprint of an attorney's signature was a technical defect because it

---

[3] A challenge to an annexation ordinance must be filed within ninety days of the adoption of the ordinance. WIS. STAT. §§ 616.0217(11) and 893.73(12). The complaint alleged the ordinance was adopted on December 18, 2000.

could be corrected under Wıs. Sᴛᴀᴛ. § 802.05(1)(a).[4] If it were a fundamental defect, we reasoned in *Novak*, "a plaintiff would not have the opportunity to avail himself or herself of this defect-correcting provision." *Novak*, 2001 WI App 156 at ¶ 24. The court in *Schaefer* declined to apply our reasoning in *Novak* and instead "overrule[d] *Novak* to the extent that the court of appeals held that the subscription defect was technical rather than fundamental." *Schaefer*, 2002 WI 18 at ¶ 33. The court stated: "To hold that a failure to meet the subscription requirement is merely technical jeopardizes judicial economy, erodes attorney accountability, and lessens the essential protection that the subscription requirement affords to defendants." *Id.*

¶ 18. If the rubber-stamped signature of an attorney of record, licensed to practice in the State of Wisconsin and in good standing in the State of Wisconsin, is a fundamental defect, we see no principled reason for concluding that the handwritten signature of an attorney of record who has been suspended from the practice of law is not also a fundamental defect. This is particularly the case since the court in *Schaefer* found the reasoning in *Jadair Inc. v. United States Fire Insurance Co.*, 209 Wis. 2d 187, 562 N.W.2d 401 (1997), to be applicable and persuasive. In *Jadair*, the supreme court concluded that a fundamental defect existed when a non-lawyer signed a notice of appeal on behalf of a corporation. *Id.* at 212. The reasoning underpinning that decision—that "to allow this type of defect would be contrary to the legislative mandates of the proce-

---

[4] In *Novak v. Phillips*, 2001 WI App 156, ¶ 24, 246 Wis. 2d 673, 631 N.W.2d 635, before deciding if the defect was fundamental or technical, we concluded it was not properly corrected under Wıs. Sᴛᴀᴛ. § 802.05(1)(a) because it was not corrected until almost a year later and that was not "prompt." *Id.* at ¶ 14.

dural requirements and would evince this court's acceptance of the unauthorized practice of law," was, the *Schaefer* court concluded, applicable to the facts before it. *Schaefer*, 2002 WI 18 at ¶ 34. That reasoning is equally applicable here: treating Cassidy's signature as a technical defect would indicate an acceptance of practicing law in violation of an order of suspension.

██

¶ 19. Accordingly, we conclude Cassidy's signature on the initial summons and on the initial complaint was a fundamental defect because he was suspended from the practice of law in Wisconsin. We also conclude that, even if the defect could be cured under the corrective provision in WIS. STAT. § 802.05(1)(a), the Town did not cure the defect on the summons because it never filed and served a summons signed by new counsel. Therefore, the circuit court did not have personal jurisdiction over the defendants, and it properly dismissed this action.

*By the Court.*—Order affirmed.