IN RE the MARRIAGE OF:

Elaine Marie ZIEBELL, Petitioner-Respondent,

v.

Richard Gerald ZIEBELL, Respondent-Appellant.†

Court of Appeals

*No. 02–2552. Submitted on memoranda May 13, 2003.—
Decided May 28, 2003.*

2003 WI App 127

(Also reported in 666 N.W.2d 107.)

† Petition to review denied 11-17-03.

On behalf of the respondent-appellant, the cause was submitted on the memorandum of *Christopher S. Carson* of *Carson Law Offices*, Greenfield.

On behalf of the petitioner-respondent, the cause was submitted on the memorandum of *Kevin G. Keane* of *Host & Keane, S.C.*, Brookfield.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. PER CURIAM. In this appeal, we apply *Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 418 N.W.2d 14 (Ct. App. 1987), and hold that an attorney who is sanctioned by the circuit court for misconduct in a client's case must file his or her own notice of appeal in order to challenge the sanction and may not intervene in the client's appeal if the notice of appeal deadline has been missed. Because the attorney in this case did not file his own notice of appeal and the time for doing so has passed, we lack jurisdiction to consider his challenge to the attorney's fees imposed on him as a sanction for his misconduct. We also deny counsel's motion to intervene in this appeal.

¶ 2. Attorney Christopher Carson represented Richard Gerald Ziebell in his divorce. In its June 26, 2002 findings of fact, conclusions of law and judgment of divorce, the circuit court divided the parties' property and awarded maintenance. The court found that Richard failed to disclose assets during the proceedings and that Attorney Carson had an obligation to obtain information regarding those assets. The court blamed Richard and his counsel for the difficulties in the discovery process and found that these difficulties "were in part due to the misconduct of [Attorney Carson]." As a sanction for his misconduct, the circuit court imposed $5000 in attorney's fees upon Attorney Carson, payable to counsel for Elaine Marie Ziebell.

¶ 3. The September 24, 2002 notice of appeal filed by Attorney Carson states: "Notice is hereby given that Richard G. Ziebell, respondent in the trial of this case, appeals to the Court of Appeals, District II, from the entire final judgment entered on June 26, 2002 . . . ." The notice further states that the appeal is taken from

the June 26 judgment addressing property division and maintenance, making a "[f]inding that [Richard Gerald Ziebell] and his attorney . . . committed overtrial and ordering compensation from each to [Elaine Marie Ziebell]," and "[e]xercising the court's 'inherent authority' to sanction [Attorney Carson]." The notice of appeal is signed "Carson Law Offices, Attorneys for the Respondent, By Christopher S. Carson."

¶ 4. Counsel filed the notice of appeal on behalf of Richard. However, the text of the notice of appeal also suggested that Attorney Carson intended to challenge the sanction against him. We questioned whether we had jurisdiction to review the sanction because counsel did not appeal in his own name or on his own behalf. We ordered the parties to file memoranda addressing our jurisdiction over Attorney Carson's challenge to the sanction. The parties have responded to the order. Additionally, Attorney Carson has moved to intervene in the appeal if we conclude that we do not have jurisdiction to review the sanction imposed against him.

¶ 5. We first address whether the notice of appeal filed on behalf of Richard gives us jurisdiction to review the sanction against Attorney Carson. Elaine Marie Ziebell argues that Attorney Carson was required to file a notice of appeal in his own name in order to challenge the sanction against him, and counsel cannot amend the notice of appeal to remedy this defect. Attorney Carson argues that his client may challenge the sanction imposed on counsel and attempts to distinguish *Ford Motor Credit*.

██

¶ 6. We apply *Ford Motor Credit* and conclude that the notice of appeal does not give us jurisdiction to review the sanction imposed on Attorney Carson. In *Ford Motor Credit*, the circuit court held that a defense

was frivolous and assessed attorney's fees and costs against the attorney personally. *Id.* at 217. The notice of appeal was filed in the name of the client, not the attorney. *Id.* The client was not aggrieved by the fees assessed against his attorney. *Id.* at 218–20.

¶ 7. The analysis in *Ford Motor Credit* turns on whether the·attorney was aggrieved by the judgment. "A person is aggrieved if the judgment bears directly and injuriously upon his or her interests; the person must be adversely affected in some appreciable manner." *Id.* at 217–18. Even though a person is not a named party to the suit, he or she may nevertheless be an aggrieved party entitled to appeal from a judgment "if he or she has a substantial interest adverse to the judgment either directly or by privity." *Id.* at 218. The court concluded that counsel was "aggrieved by the assessment of costs and fees against him, and would have standing to appeal even though he was not a named party to the suit." *Id.* The court held that a notice of appeal, filed in the client's name, did not bring before the court that part of the judgment that was adverse to the client's attorney, and the notice of appeal did not suffer from a mere technical defect. *Id.* at 220–21. The court declined to permit an amendment of the notice of appeal to make counsel the appellant. *Id.* at 221. Because counsel did not file a timely notice of appeal, the court did not have jurisdiction to review counsel's challenge to the sanction. *Id.*

¶ 8. In this case, Attorney Carson was sanctioned, and he is aggrieved by the judgment of divorce for that reason.[1] The notice of appeal was not filed in counsel's

---

[1] Richard is aggrieved by the assessment of attorney's fees against him, and he can raise that issue in this appeal. However,

name, and it did not specify that counsel was also an appellant.[2] The time for appealing has expired. *See* Wis. Stat. § 808.04(1) (2001–02).[3] We lack jurisdiction to consider counsel's challenge to the sanction against him.

¶ 9. We turn to Attorney Carson's motion to intervene in this appeal to challenge the sanction against him. Attorney Carson argues that he may intervene because he is a nonparty in the circuit court proceeding and meets the requirements of Wis. Stat. § 803.09, the intervention statute. Elaine Marie Ziebell opposes intervention because counsel does not satisfy the statutory requirements for intervention.

---

Richard is not aggrieved by the assessment of fees against Attorney Carson, and he cannot appeal that aspect of the judgment of divorce. *See Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 218–20, 418 N.W.2d 14 (Ct. App. 1987).

[2] Wisconsin Stat. Rule 809.10(1)(f) (2001–02) states that "[a]n inconsequential error in the content of the notice of appeal is not a jurisdictional defect." The cases addressing inconsequential error focus on the description of the document appealed from. *See Rhyner v. Sauk County*, 118 Wis. 2d 324, 326, 348 N.W.2d 588 (Ct. App. 1984). This is not the case here. When the notice of appeal is not signed by the proper party, the notice of appeal is fatally flawed, and this court is deprived of jurisdiction. *Jadair Inc. v. U.S. Fire Ins. Co.*, 209 Wis. 2d 187, 211–12, 562 N.W.2d 401 (1997). In *State v. Seay*, 2002 WI App 37, ¶¶ 9–10, 250 Wis. 2d 761, 641 N.W.2d 437, *review denied by State v. Tillman*, 2002 WI 121, 257 Wis. 2d 116, 653 N.W.2d 889 (Wis. Sept. 3, 2002) (No. 00–3530), we held that the failure of a pro se appellant to sign a notice of appeal is not a fatal defect as long as a signature is later supplied. *Seay* does not apply in this case because the notice of appeal was signed.

[3] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 10. We need not consider the statutory requirements for intervention because we conclude that Attorney Carson may not intervene in this appeal as a matter of law. As an aggrieved person, Attorney Carson could have filed a notice of appeal, as discussed above, and *Weina v. Atlantic Mutual Insurance Co.*, 177 Wis. 2d 341, 501 N.W.2d 465 (Ct. App. 1993), bars intervention when a notice of appeal could have been filed.

¶ 11. In *Weina*, the court held that a named party in the circuit court proceedings who could have filed a notice of appeal cannot intervene in an appeal as a means of circumventing the requirement of a timely notice of appeal. *Id.* at 347. In *Weina*, a minor was struck in the head by a softball during a softball game, and she and her parents sued the sponsoring entity, Mt. Pleasant Lutheran Church, and its insurer, Atlantic Mutual Insurance Company, and the batter, John Lovdahl, and his insurer, Safeco Insurance Company. *Id.* at 344. Lovdahl and Safeco did not file a cross-claim against their codefendants, Mt. Pleasant and Atlantic Mutual. *Id.* The circuit court granted summary judgment in favor of Mt. Pleasant and Atlantic Mutual on the grounds that the church was immune from suit under the recreational immunity statute. *Id.* The minor and her parents appealed; Lovdahl and Safeco did not, but later sought to intervene based upon their "real and direct interest" in the appeal because the appeal might impact their contribution claim. *Id.* at 344–45.

¶ 12. The *Weina* court first addressed whether Lovdahl and Safeco had a right to appeal the judgment dismissing their codefendants, Mt. Pleasant and Atlantic Mutual. *Id.* at 345. The court concluded that Lovdahl and Safeco were aggrieved because the dismissal of these parties diminished the pool of resources

670

available to satisfy any judgment entered in favor of the minor and her parents. *Id.* at 345–46. Lovdahl and Safeco were aggrieved by the judgment because it increased their potential liability. *Id.* Because Lovdahl and Safeco were aggrieved by the judgment, they could have appealed it. *Id.* at 347.

¶ 13. The *Weina* court then addressed Lovdahl's and Safeco's attempt to intervene in the appeal. The court concluded that by intervening, Lovdahl and Safeco would become full parties to the appeal, thereby circumventing the jurisdictional time limit for commencing the appeal. *Id.* The court declined to permit Lovdahl and Safeco "to do indirectly what they cannot do directly." *Id.*

¶ 14. Attorney Carson, while not a named party, was aggrieved by the judgment of divorce and had standing to file a notice of appeal under *Ford Motor Credit*. Therefore, even though Attorney Carson was not a named party in the circuit court, permitting him to intervene contravenes *Weina*.

¶ 15. Attorney Carson argues that he is a nonparty and may intervene under *City of Madison v. WERC*, 2000 WI 39, 234 Wis. 2d 550, 610 N.W.2d 94. This case does not aid Attorney Carson. In *City of Madison*, the employment circumstances of a fire department employee became a source of dispute between the union and the City of Madison. *Id.*, ¶¶ 2–3. The City of Madison Police and Fire Commission (PFC) declined to provide a hearing at the union's request, and the union then filed a grievance with the City under its collective bargaining agreement. *Id.*, ¶¶ 3–4. The City declined the union's request to arbitrate under the collective bargaining agreement, and the union filed a complaint with the Wisconsin Employment Relations Commission (WERC). *Id.*, ¶ 4. The City lost, and ap-

pealed to the circuit court and court of appeals. *Id.* at ¶¶ 4–5. At the court of appeals level, the PFC sought to intervene after the time for filing a notice of appeal had expired. *Id.*, ¶ 5. The court of appeals denied the intervention request because the time for filing a notice of appeal had expired. *Id.*

¶ 16. The supreme court held that the PFC, as a nonparty, could seek to intervene if it satisfied the requirements of the intervention statute, WIS. STAT. § 803.09. *City of Madison*, 234 Wis. 2d 550, ¶ 8. In reaching this conclusion, the court referred to the derivation of the term "intervenor" as signifying a process whereby "a third person is allowed to interpose for the assertion of some collateral, implicit or ulterior right adverse to that of either or both of the parties." *Id.*, ¶ 11 n.7 (citation omitted).

¶ 17. In contrast to the PFC's collateral interest in *City of Madison*, Attorney Carson's right in this case is not collateral. Counsel is aggrieved by the judgment of divorce which requires him to pay $5000 in attorney's fees for his misconduct. Counsel's level of interest far exceeds that of the nonparty PFC. Furthermore, the *City of Madison* court recognized *Weina* and reaffirmed the distinction between parties and nonparties in the context of intervention. *City of Madison*, 234 Wis. 2d 550, ¶¶ 9–10. Attorney Carson cannot avail himself of nonparty intervention under *City of Madison*.

¶ 18. In sum, we conclude that Attorney Carson could have filed a notice of appeal in his own name to challenge the sanction imposed on him for his misconduct. Because he did not, we lack jurisdiction to review the sanction. As an aggrieved person who could have filed a notice of appeal, Attorney Carson may not intervene in his client's appeal to challenge the sanction imposed against him for his misconduct.

*By the Court.*—Jurisdiction determined; motion denied.