Lisa J. Brown, Estate of Damon L. Brown, Jr., and Damon L. Brown, Sr., Plaintiffs,

Waukesha County Department of Health & Social Services, Subrogated-Plaintiff,

v.

MR Group, LLC, Michael Fohl, Herrell Grading Inc., a/k/a Herrell Trucking, Inc., and General Casualty Company of Wisconsin, Defendants,

Ralph W. Raush, Individually and d/b/a West Avenue Real Estate, LLC, formerly d/b/a MR Group, LLC, a/k/a RWR Storage, and d/b/a All One Storage, formerly d/b/a Lake & Country Storage of Muskego, formerly d/b/a U-Lock Up Self Storage, Defendant-Appellant,

Acuity, A Mutual Insurance Company, Intervenor-Respondent,

West Bend Mutual Insurance Company, Defendant-Respondent.

Court of Appeals

*No. 03–2309. Submitted on memoranda January 21, 2004.— Decided May 26, 2004.*

2004 WI App 122

(Also reported in 683 N.W.2d 481.)

On behalf of the defendant-appellant, the cause was submitted on the memorandum of *James W. Hammes* of *Cramer, Multhauf & Hammes, LLP*, Waukesha.

On behalf of the intervenor-respondent, the cause was submitted on the memorandum of *Michelle D. Wehnes* of *Simpson & Deardorff, S.C.*, Milwaukee.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. PER CURIAM. In this appeal, we hold that in order to confer jurisdiction on this court, a notice of appeal filed by counsel on behalf of another must contain the handwritten signature of an attorney authorized to practice law in Wisconsin. Counsel cannot

delegate the duty to affix a signature on a notice of appeal to a person not authorized to practice law in Wisconsin.

¶ 2. Ralph W. Raush appeals from a circuit court order denying him coverage under his insurance policy with Acuity.[1] Raush's counsel's name appears on the notice of appeal filed in the circuit court as a handwritten signature with the initials "sad" appearing below counsel's name. The signature's appearance suggests that counsel's name was affixed by "sad." The notice of appeal might be defective for this reason. Because a defective notice of appeal implicates our jurisdiction over Raush's appeal from the Acuity order, we required the parties to file memoranda addressing our jurisdiction. We also required Raush's counsel to advise this court whether he personally signed the notice of appeal or whether "sad" affixed his name to the notice of appeal. If "sad" affixed counsel's name, we required counsel to advise whether "sad" was admitted to practice law in Wisconsin on the date "sad" affixed counsel's name to the notice of appeal.

¶ 3. In his memorandum, Raush's counsel advises that he directed "sad," his legal assistant, to affix his signature to the notice of appeal after he prepared and reviewed it. Counsel argues that because he had the legal capacity to cause the notice of appeal to be filed, the fact that he did not sign the document should be deemed a technical, not a fundamental, defect. Assum-

---

[1] Raush also appeals from a circuit court order denying him coverage under his policy with West Bend Mutual Insurance Company. The West Bend notice of appeal is not defective, and the West Bend appeal is unaffected by this opinion.

ing that the technical defect can be corrected, counsel has submitted an amended notice of appeal bearing his proper signature.[2]

¶ 4.   Acuity, the insurer-respondent, argues that the notice of appeal is fundamentally defective, and therefore we lack jurisdiction over this appeal. Acuity asserts three grounds for its position: (1) counsel's failure to sign the notice of appeal is not a technical defect, (2) counsel's review of the notice of appeal does not satisfy the signature requirement, and (3) the amended notice of appeal does not confer jurisdiction.

¶ 5.   To invoke this court's jurisdiction, the notice of appeal must be correctly prepared. *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 211, 562 N.W.2d 401 (1997). Whether a defect in the notice of appeal is fundamental presents a question of law which we decide independently. *Town of Dunkirk v. City of Stoughton*, 2002 WI App 280, ¶ 7, 258 Wis. 2d 805, 654 N.W.2d 488.

¶ 6.   When a notice of appeal is not signed by an attorney when an attorney is required, the notice of appeal is fundamentally defective and cannot confer jurisdiction on this court. *Jadair*, 209 Wis. 2d at 211–12. A person not admitted to practice law has no

---

[2] The notice of appeal from the July 2003 Acuity order was filed on September 2, 2003. The amended notice of appeal was filed on January 6, 2004. There is no question that the amended notice of appeal was filed outside of the period for commencing an appeal. *See* WIS. STAT. § 808.04(1) (2001–02). Therefore, the amended notice of appeal cannot confer jurisdiction unless the original notice of appeal can be corrected. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

authority to sign a pleading on behalf of another to invoke this court's jurisdiction. *See id.* at 212. A fundamentally defective notice of appeal cannot be cured by the filing of an amended notice of appeal which is not otherwise timely vis-à-vis the order or judgment appealed from. *Id.* at 211–12.

¶ 7.   *Jadair,* a notice of appeal case, recognizes the importance of the WIS. STAT. § 802.05(1)(a)[3] subscription requirement for a pleading. *Jadair,* 209 Wis. 2d at 211–12. Section 802.05(1)(a) requires an attorney of record to sign the pleading in the attorney's own name. *Schaefer v. Riegelman,* 2002 WI 18, ¶ 17, 250 Wis. 2d 494, 639 N.W.2d 715. In *Schaefer,* the court held that a complaint was fundamentally defective because a Wisconsin attorney permitted an attorney not admitted to practice law in Wisconsin to affix his name to the complaint. *Id.,* ¶ 33. In holding that the complaint was fundamentally defective, the court noted that an attor-

---

[3] WISCONSIN STAT. § 802.05(1)(a) provides, in pertinent part:

Every pleading, motion or other paper of a party represented by an attorney shall contain the name, state bar number, if any, telephone number, and address of the attorney and the name of the attorney's law firm, if any, and shall be subscribed with the handwritten signature of at least one attorney of record in the individual's name . . . . The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that the pleading, motion or other paper is not used for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

ney cannot delegate the § 802.05(1)(a) subscription requirement to another. *Schaefer*, 250 Wis. 2d 494, ¶ 19.

¶ 8.  In *Dunkirk*, the court applied *Schaefer* and held that a summons and complaint signed by an attorney who was suspended from the practice of law were fundamentally defective. *Dunkirk*, 258 Wis. 2d 805, ¶ 18.

¶ 9.  To avoid the conclusion that the notice of appeal in this case is fundamentally defective and does not confer jurisdiction on this court, Raush's counsel relies on *State v. Seay*, 2002 WI App 37, 250 Wis. 2d 761, 641 N.W.2d 437, *review denied by State v. Tillman*, 2002 WI 121, 257 Wis. 2d 116, 653 N.W.2d 889 (Wis. Sept. 3, 2002) (No. 00–3530). Based on *Seay*, counsel argues:  (1) we have jurisdiction over the appeal notwithstanding the signature defect and (2) an amended notice of appeal with a proper signature confers jurisdiction on this court.

¶ 10.  We held in *Seay* that the failure of a pro se litigant to sign a notice of appeal is not a fatal defect as long as the signature is later supplied. *Seay*, 250 Wis. 2d 761, ¶¶ 1, 10; *see also Ziebell v. Ziebell*, 2003 WI App 127, ¶ 8 n.2, 265 Wis. 2d 664, 666 N.W.2d 107, *review denied*, 2004 WI 1, 268 Wis. 2d 134, 673 N.W.2d 692 (Wis. Nov. 17, 2003) (No. 02–2552). While the notice of appeal in *Seay* was unsigned, in this case, the notice of appeal bears the signature of counsel affixed by counsel's legal assistant. This signature raises the specter of the unauthorized practice of law condemned in *Jadair*. *See Seay*, 250 Wis. 2d 761, ¶ 6. Counsel cannot reasonably claim that *Seay* applies here.

¶ 11.  Counsel erroneously relies on *Novak v. Phillips*, 2001 WI App 156, 246 Wis. 2d 673, 631 N.W.2d 635, *overruled by Schaefer*, 250 Wis. 2d 494, ¶ 33, for the proposition that he should be permitted to correct the

defective notice of appeal by filing an amended notice of appeal. In *Novak*, the court of appeals held that an attorney's rubber-stamped signature on the summons and complaint was a technical defect which could be corrected. *Novak*, 246 Wis. 2d 673, ¶ 24. However, the *Schaefer* court overruled this result and held that a rubber-stamped signature is a fundamental, not a technical, defect. *Schaefer*, 250 Wis. 2d 494, ¶ 33.

> [W]e now overrule *Novak* to the extent that the court of appeals held that the subscription defect was technical rather than fundamental. As we have stated, the purpose of requiring a handwritten signature, made by the attorney of record, is not only to clarify who is accountable for an invalid claim, but also to guarantee that an attorney who is familiar with the procedural and substantive laws of this state has read the claims and has made an assessment of the claims' validity. *Authorizing rubber-stamped signatures or allowing someone who is not licensed to practice law in Wisconsin to sign a pleading runs counter to this guarantee.* To hold that a failure to meet the subscription requirement is merely technical jeopardizes judicial economy, erodes attorney accountability, and lessens the essential protection that the subscription requirement affords to defendants.

*Schaefer*, 250 Wis. 2d 494, ¶ 33 (emphasis added).

¶ 12.   Raush's counsel argues that because he had the legal capacity to draft and file the notice of appeal, *Jadair* and *Dunkirk* can be distinguished as cases in which persons not authorized to practice law in Wisconsin signed the pleading. We reject this distinction. *Jadair* and *Dunkirk* focus on the execution of the pleading, not on its preparation, and clearly state that a person not authorized to practice law should not sign a pleading on behalf of another. *Jadair*, 209 Wis. 2d at 211–12; *Dunkirk*, 258 Wis. 2d 805, ¶ 18. Counsel's argument gives short shrift to the WIS. STAT.

811

§ 802.05(1)(a) subscription requirement and potentially creates a situation where fact-finding may be required on the question of whether the attorney actually prepared the notice of appeal and engaged in the "deliberate process by which the lawyer guarantees the validity of a claim." *Schaefer*, 250 Wis. 2d 494, ¶ 30. This would be a poor allocation of judicial resources, and it injects unnecessary uncertainty into the filing of pleadings.

¶ 13.  Regardless of counsel's legal capacity to draft the notice of appeal and cause it to be filed, the notice of appeal in this case was not signed by a person authorized to practice law in Wisconsin. WISCONSIN STAT. § 802.05(1)(a) does not permit counsel to delegate to a person not authorized to practice law in Wisconsin the function of affixing counsel's signature to the notice of appeal. *Schaefer*, 250 Wis. 2d 494, ¶ 19. The *Schaefer* court's concerns regarding the § 802.05(1)(a) subscription requirement combined with the *Jadair* court's prohibition on the unauthorized practice of law lead us to the conclusion that the notice of appeal in this case is fundamentally defective and cannot be corrected by the filing of an untimely amended notice of appeal. *See Jadair*, 209 Wis. 2d at 212. We do not have jurisdiction over Raush's appeal from the order denying him coverage under his Acuity policy.

¶ 14.  Although we dismiss Raush's appeal from the Acuity order, his appeal relating to West Bend Mutual Insurance Company continues.

*By the Court.*—Appeal dismissed in part.