PER CURIAM.
*448 *181 ¶ 1 Michael Stacey, personal representative of the Estate of James G. Stacey, seeks review of a circuit court order affirming a sheriff's sale of real property owned by the estate. The notice of appeal filed on behalf of the estate was signed by Michael Stacey, who does not appear to be an attorney licensed to practice law in the State of Wisconsin. We hold that a nonlawyer personal representative of an estate may not represent the interests of the estate in a mortgage foreclosure proceeding or an appeal therefrom before a Wisconsin court. Accordingly, the notice of appeal filed by Michael Stacey was ineffective to initiate a valid appeal on behalf of the estate, and we dismiss the appeal for lack of jurisdiction.
*449 BACKGROUND
¶ 2 The decedent, James G. Stacey, signed a promissory note secured by a mortgage on his residence at W3502 Hagedorn Road in Jefferson, Wisconsin (the "Property"). Ditech Financial LLC is the holder of the note and mortgage.
¶ 3 On December 16, 2015, Ditech filed a complaint against the Estate of James G. Stacey, alleging a delinquency in payments and seeking to foreclose the mortgage on the Property. Michael Stacey was personally served with the Summons and Complaint as the personal representative of the Estate of James G. Stacey. The estate did not file an answer or other responsive pleading, and Ditech filed a motion for default judgment. After the estate failed to respond to the motion for default judgment or appear at the motion hearing, the circuit court entered judgment in favor of Ditech on April 14, 2016, setting a three-month redemption period.
¶ 4 A sheriff's sale was held after the redemption period expired, resulting in the sale of the Property to a third party. Michael Stacey submitted a letter to the circuit court judge, objecting to confirmation of the sale. The court held a hearing on the confirmation motion, and Michael Stacey appeared as personal representative of the estate. The circuit court granted Ditech's motion to confirm the sale, and entered an order confirming the sale on October 18, 2016. Michael Stacey then filed a notice of appeal.
DISCUSSION
¶ 5 Stacey raises several issues for appellate review on behalf of the estate. However, an issue of *450 preliminary importance is whether this appeal is properly before us. This issue was not raised by the parties. However, it is the duty of this court to take notice of its jurisdiction, notwithstanding the fact that no party has raised the issue. See McConley v. T.C. Visions, Inc. , 2016 WI App 74, ¶ 4, 371 Wis. 2d 658, 885 N.W.2d 816 ; see also Taylor v. State , 59 Wis. 2d 134, 137, 207 N.W.2d 651 (1973) (court may, sua sponte, raise and determine the issue of whether it has jurisdiction).
¶ 6 To invoke this court's jurisdiction, the notice of appeal must be correctly prepared. See Jadair Inc. v. United States Fire Ins. Co. , 209 Wis. 2d 187, 211, 562 N.W.2d 401 (1997). In this case, the notice of appeal was signed and filed by Michael Stacey on behalf of the Estate of James G. Stacey. Both the appellant's brief and the reply brief also were signed by Stacey and indicate his status as "pro se." Black's Law Dictionary defines "pro se" as follows: "For oneself; on one's own behalf; without a lawyer[.]" Black's Law Dictionary 1416 (10th ed. 2014). Here, Stacey is not appearing for himself in his personal capacity, however, but on behalf of the estate. Nothing in the briefs or the record indicates that Stacey is a lawyer.
¶ 7 Previous cases in this court and in the Wisconsin Supreme Court have examined *182 the issue of whether a nonlawyer may represent the interests of a separate legal entity in the courts of this state. In State ex rel. Baker v. County Court of Rock County , 29 Wis. 2d 1, 4, 10-11, 138 N.W.2d 162 (1965), a nonlawyer executor of an estate submitted probate matters to the county court on behalf of the estate for adjudication. The judge refused to act upon the submissions, concluding that the executor was engaged in the unauthorized practice of law. Id. at 10-11, 138 N.W.2d 162. The supreme *451 court upheld the ruling of the county court judge, stating that it viewed the prohibition against the unauthorized practice of law as a reasonable regulation in the public interest of orderly judicial administration. Id. at 11, 138 N.W.2d 162.
¶ 8 The supreme court cited Baker in Jadair Inc. , in which the supreme court considered the question of whether a notice of appeal is fatally defective when it is signed and filed by a nonlawyer on behalf of a corporation. Jadair , 209 Wis. 2d at 205-07, 562 N.W.2d 401. The court answered the question in the affirmative, reasoning that permitting a nonlawyer to sign and file a notice of appeal on behalf of a corporation would violate statutory prohibitions against the unauthorized practice of law. Id. at 204, 562 N.W.2d 401 ; see also WIS. STAT. § 757.30 (2015-16) (providing penalties for the practice of law without a license). The court concluded that the failure to comply with the unauthorized practice of law statute voided the appeal. Jadair , 209 Wis. 2d at 213, 562 N.W.2d 401 ; see also Brown v. MR Group, LLC , 2004 WI App 122, ¶ 6, 274 Wis. 2d 804, 683 N.W.2d 481 ("When a notice of appeal is not signed by an attorney when an attorney is required, the notice of appeal is fundamentally defective and cannot confer jurisdiction on this court.").
¶ 9 In Life Science Church, Bible Camp & Christian Liberty Academy v. Shawano County , 221 Wis. 2d 331, 337, 585 N.W.2d 625 (Ct. App. 1998), this court dismissed an appeal on the basis that a notice of appeal signed by a nonlawyer trustee is ineffective to initiate a valid appeal. Applying the principles of Jadair , this court held that a trustee may appear in a Wisconsin court without licensed legal counsel only to represent his or her own legal interests in an individual capacity, not to represent the legal interests of a trust or the trust beneficiaries. Id. at 333-34, 585 N.W.2d 625.
*452 ¶ 10 Similar reasoning applies in a case where, as here, a personal representative signs and files a notice of appeal on behalf of an estate. A person not admitted to practice law has no authority to sign a pleading on behalf of another to invoke this court's jurisdiction. Brown , 274 Wis. 2d 804, ¶ 6, 683 N.W.2d 481.
¶ 11 The instant case is not a probate proceeding, but an appeal from an order entered in a mortgage foreclosure. Irrespective of what role a personal representative may or may not perform in a probate proceeding, it is clear that a nonlawyer may not represent an entity like an estate in a mortgage foreclosure and, thus, may not commence an appeal from a mortgage foreclosure. Accordingly, the notice of appeal filed by the personal representative, a nonlawyer, was ineffective to initiate a valid appeal on behalf of the estate.
By the Court. -Appeal dismissed.